Robert Neal COX, Plaintiff-Appellant,

v.

FEEDERS SUPPLY COMPANY, Incorporated, Defendant-Appellee.

No. 16041.

United States Court of Appeals
Sixth Circuit.

May 7, 1965.

Max Wild, Atty., Dept. of Justice, Washington, D. C., for appellant, John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., William E. Scent, U. S. Atty., Louisville, Ky., on the brief.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, Ky., for appellee.

Before WEICK, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Robert Neal Cox, plaintiff-appellant and a veteran, brought this action in the United States District Court for the Western District of Kentucky, for reemployment and to recover wages lost by reason of the alleged wrongful refusal of the defendant-appellee to re-employ him, after his discharge from military service, as required by Section 9(b) of the Universal Military Training and Service Act. (Section 459(b), Title 50 App. U.S.C.) The District Court granted judgment to Feeders Supply Company, Incorporated, the defendant-appellee, and this appeal followed. The parties will be referred to as plaintiff and defendant, as they were in the District Court.

The plaintiff, prior to volunteering for service in the armed forces of the United States on October 31, 1958, was employed as a truck driver, on a permanent basis, by Feed and Farm Supply Company. He had worked for this company since early January of 1958. Feed and Farm Sup-

ply Company, hereinafter referred to as Feed and Farm, was a Kentucky corporation owned and controlled by James E. Smith, Sr., President, Frank P. Campisano, Vice President, and James E. Smith, Jr., Secretary-Treasurer, and it was engaged in the feed and farm supply business.

The defendant corporation was organized under the laws of Kentucky as of December 31, 1958, for the purpose of operating under a Ralston-Purina franchise and of purchasing some of the inventory and assets of Feed and Farm. This new corporation was owned by Carl Fischer, Jr., Carl Fischer, Sr., John R. Humphrey and Al Parsons. Prior to incorporation, its incorporators had negotiated with Feed and Farm to purchase some of its assets.

The defendant purchased about 90% of the inventory of Feed and Farm, the balance being purchased by Ralston-Purina Company. It also purchased the office furniture and equipment of Feed and Farm. The defendant did not purchase the accounts receivable or assume the obligations of Feed and Farm. It did agree to accept payments on Feed and Farm's accounts receivable until March 2, 1959. The defendant did not purchase Feed and Farm's trucks or the good will of the business. There was no agreement on the part of Feed and Farm not to enter into a competing business. Feed and Farm went out of business after the sale.

The defendant conducted the same type of business as was conducted by Feed and Farm and it carried on its business in the same location. However, it made its own contract with the owner of the premises for their rental. It also made its own arrangement with Ralston-Purina for its franchise. It is conceded that none of the owners of Feed and Farm had any connection with the defendant corporation and that none of the owners of defendant ever worked for or had any connection with Feed and Farm. It is also conceded that the plaintiff never worked for the defendant.

Feed and Farm had five employees. The defendant had seven, three of whom had been with Feed and Farm. The defendant employed one or more truck drivers in positions similar to the position held by the plaintiff with Feed and Farm.

The question presented in this case is whether the defendant corporation is successor in interest to Feed and Farm, as contemplated by Section 9(b) (B) (i) (Section 459(b) (B) (i), Title 50 App. U.S.C.).

The trial court denied plaintiff's claim. The court said in part: "Under these circumstances where there is no showing of business continuity and where the plaintiff was not an employee of the defendant prior to his entry into the armed forces he cannot now obtain what he had never possessed." We agree with this conclusion that under the facts of this case the defendant corporation was not "successor in interest" to Feed and Farm. None of the cases cited by counsel for the plaintiff is in point on the question presented under the facts of this case.

Judgment of the District Court is affirmed.