**WINE IMPORTS OF AMERICA, LTD., a New Jersey corporation, Plaintiff,**

v.

**GEROLMO'S LIQUORS, LTD., a Wisconsin corporation, Defendant.**

**GEROLMO'S LIQUORS, LTD., Plaintiff,**

v.

**RENFIELD, INC., and Wine Imports of America, Ltd., Defendant.**

Nos. 81–C–1377, 81–C–1574.

United States District Court,
E.D. Wisconsin.

April 29, 1983.

Arthur J. Harrington, Charne, Glassner, Tehan, Clancy & Taitelman, Milwaukee, Wis., for Wine Imports.

Paul Gagliardi, Madirgrano, Warren, Bastian & Gagliardi, Kenosha, Wis., for Gerolmo's.

Michael A. Bowen, Foley & Lardner, Milwaukee, Wis., for Renfield.

## DECISION AND ORDER

WARREN, District Judge.

These are consolidated cases before the Court pursuant to its diversity jurisdiction. Wine Imports of America, Inc. (Wine Imports) filed Case No. 81–C–1377 on October 26, 1981, against Gerolmo's Liquors, Inc. (Gerolmo) to recover amounts owed for goods sold and delivered. On October 29, 1981, Gerolmo filed No. 81–C–1574 in state court against Wine Imports and Renfield, Inc. (Renfield) alleging violations of the Wisconsin Fair Dealership Law, *Wis.Stat.* Ch. 135. Gerolmo alleges that Wine Imports unlawfully terminated a franchise agreement with Gerolmo under which Wine Imports appointed Gerolmo as its wholesale distributor for Giacobazzi Lambrusco for Kenosha, Racine, and Walworth Counties, Wisconsin. Gerolmo also asserts a claim under the fair dealership law against Renfield, which purchased from Wine Imports the right to import Giacobazzi Lambrusco. On May 4, 1982, the Court ordered these cases consolidated.

Presently pending before the Court are the following motions: (1) Renfield's motion for dismissal or summary judgment; (2) Wine Import's motion for summary judgment on its claim against Gerolmo; (3) Gerolmo's motion for a stay of execution of summary judgment; (4) Gerolmo's motion for a preliminary injunction; (5) Gerolmo's motion for leave to amend its complaint; and (6) Gerolmo's motion for a jury trial. The Court resolves these motions as indicated below.

### Renfield's Motion for Dismissal or Summary Judgment

Renfield seeks an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Gerolmo's complaint against it in No. 81–C–1574 for failure to state a claim upon which relief can be granted. Alternatively, Renfield seeks an order granting summary judgment in its favor against Gerolmo. In support of its summary judgment motion, Renfield has submitted the affidavit of its general counsel and secretary, Andrew M. Crisses.

Gerolmo's complaint alleges that in 1977, Wine Imports and Gerolmo entered into a franchise agreement whereby Gerolmo was appointed wholesale distributor for Giacobazzi Lambrusco for the above-mentioned Wisconsin counties. The complaint further alleges that, on September 9, 1981, Gerolmo was orally informed by Wine Imports that it had sold its distribution rights for Giacobazzi to Renfield. According to Gerolmo, Wine Imports never indicated it was terminating its franchise agreement with Gerolmo. Gerolmo alleges that Wine Imports wrongfully terminated their franchise agreement in violation of the Wisconsin Fair Dealership Law. In addition, Gerolmo alleges that Renfield, as a successor corporation of Wine Imports, wrongfully terminated it as a franchise distributor. The complaint seeks both injunctive and monetary relief.

The affidavit submitted by Mr. Crisses in support of Renfield's motion for summary judgment describes the transaction by which Renfield acquired the rights to distribute Giacobazzi. Renfield and Wine Imports entered into a written agreement under which Renfield purchased the exclusive right to import and distribute Giacobazzi wine in the United States. Under the terms of the agreement, Renfield did not undertake or assume any of the obligations of Wine Imports under any distributorship/dealership agreements which Wine Imports may have had with distributors throughout the United States. The agreement specifically provided for Renfield's assumption of Wine Imports' obligation to its Italian supplier and limited any further assumption of obligations with the following clause:

> It is understood and agreed by the parties that Buyer is not assuming any obligations or liabilities of Seller, other than those expressly set forth above.

(Crisses Aff. ¶ 3.)

Mr. Crisses' affidavit further states that Renfield has never accepted or filled any orders for Giacobazzi placed by Gerolmo except for such purchase orders as Renfield was required to fill pursuant to a temporary restraining order issued by the Kenosha County Circuit Court (prior to the removal of No. 81–C–1574 to this Court). (Aff. ¶ 7.) The affidavit also states that the transaction between Wine Imports and Renfield represented the purchase of an intangible asset for cash only (Aff. ¶ 8), and that Wine Imports and Renfield are completely separate business entities. (Aff. ¶ 9.). Wine Imports has continued in business since Renfield's purchase of the Giacobazzi rights, and at no time has Renfield attempted to merge with or succeed in the corporate status or identity of Wine Imports. (Aff. ¶ 9.) Renfield has been engaged in the business of importing and distributing alcoholic beverages in the United States for over 30 years. It markets and distributes such alcoholic beverages in the United States through an established network of distributors. Since acquiring the rights to Giacobazzi, Renfield has distributed the wine in the United States through its established network. (Aff. ¶ 10.)

Renfield contends that, as a matter of law, it cannot be held liable to Gerolmo under the Wisconsin Fair Dealership Law. The basic issue presented is whether Renfield succeeds to Wine Imports' obligations (assuming they existed) to Gerolmo under the Wisconsin Fair Dealership Law. For the reasons stated below, the Court resolves this issue in favor of Renfield.

As noted initially by Renfield in its argument, a dealership, as defined in Chapter 135, is a "contract or agreement ..." Wis. Stat. § 135.02(2). There is no allegation by Gerolmo that Renfield has ever made any contract or agreement with Gerolmo. Gerolmo's theory of liability against Renfield must be based, therefore, on some theory of successor corporation liability.

■ In *Leannais v. Cincinnati, Inc.,* 565 F.2d 437, 439 (7th Cir.1977), the Seventh Circuit stated:

The general rule in the majority of American jurisdictions, including Wisconsin, is that a corporation which purchases the assets of another corporation does not succeed to the liability of the selling corporation.... [T]he general rule accords with the fundamental principle of justice and fairness, under which the law imposes responsibility for one's own acts and not for the totally independent acts of others.

The general rule cited in *Leannais* was applied in *Armour-Dial, Inc. v. Alkar Engineering Corp.,* 469 F.Supp. 1198 (E.D.Wis. 1979), in which the district court ruled that the defendant had not succeeded to the bankrupt's contractual obligations when defendant purchased the bankrupt's assets. Similarly, in *Cox v. Feeders Supply Co.,* 344 F.2d 924 (6th Cir.1965), the court applied the rule to foreclose the plaintiff from transferring a predecessor's statutory obligation under the Military Training and Service Act to its successor in interest. As pointed out by Renfield, the courts' decisions in *Armour-Dial* and *Cox* demonstrate that the general rule against successor liability applies to both contractual and statutory obligations, the kind of obligations involved in fair dealership cases. Thus, it

appears that the general rule stated in *Leannais* would apply in the context of a Chapter 135 case, absent some exception.

■ As noted by the *Leannais* court, there are "four well-recognized exceptions to the general rule" against successor liability. 565 F.2d at 439. These include: (1) where the buyer expressly or implicitly assumes the seller's obligations; (2) where the transaction is a *de facto* merger or consolidation of the buying and the selling corporations; (3) where the buyer is merely a continuation of the seller; and (4) where the transaction is a fraud undertaken to evade the obligations in question. *Id.*

■ None of these recognized exceptions apply to the facts as they appear in the record of this case. First, there was neither an express nor implied assumption of Wine Imports' obligations to Gerolmo; indeed, the agreement between Renfield and Wine Imports expressly disavowed any succession of obligations other than those identified in the agreement. Second, the transaction between Renfield and Wine Imports was simply a cash sale of an asset, with each company continuing to operate as a separate business entity after the sale. Third, Renfield is not merely a continuation of Wine Imports; as indicated already, the companies are separate, ongoing business concerns with neither formal nor informal ties. Finally, there is no evidence in the record to suggest that the transaction between Renfield and Wine Imports was undertaken to evade Wine Imports' alleged obligations under the fair dealership law. Mr. Crisses specifically disavows any purpose of assisting Wine Imports in evading any responsibilities under Chapter 135. Thus, none of the recognized exceptions to the general rule stated in *Leannais* apply to the case at bar.

Gerolmo contends, however, that the purpose underlying the Wisconsin Fair Dealership Law would be frustrated by precluding successor liability in the context of this case. In particular, it notes Chapter 135's pronouncement that the law is to be "liberally construed and applied to promote its

underlying remedial purposes and policies." Wis.Stat. § 135.025. Successor liability is necessary, argues Gerolmo, to protect the dealer who has spent considerable time and money in building the product line of the grantor.

Yet, in the context of the instant case, Gerolmo is not left without a remedy. Wine Imports remains an ongoing business entity and a defendant in this suit. If, in fact, Wine Imports has a dealership agreement with Gerolmo and wrongfully terminated their relationship, Gerolmo may recover damages. *See, e.g., Esch v. Yazoo Mfg. Co.,* 510 F.Supp. 53 (E.D.Wis.1981).

What Gerolmo seeks here is a special exception to the general rule stated in *Leannais* for fair dealership cases. But Chapter 135 simply provides no authority for establishing the exception Gerolmo seeks. Renfield is not a "grantor" within the meaning of the statute because it is not "a person who grants a dealership." Wis.Stat. § 135.02(3). As noted previously, there exists no "agreement" between Gerolmo and Renfield, which is a necessary part of a "dealership" as defined by the statute. Wis.Stat. § 135.02(2). The Wisconsin Supreme Court has cautioned that Chapter 135 is not to be interpreted expansively as to coverage. *See, Foerster, Inc. v. Atlas Metal Parts Co.,* 105 Wis.2d 17, 31–32, 313 N.W.2d 60; *Kania v. Airborne Freight Corp.,* 99 Wis.2d 746, 774–76, 300 N.W.2d 63. Gerolmo asks the Court to expand the coverage of the statute beyond its reasonable interpretation. This is a step the Court is unwilling to take.

The Court notes, however, that a dealer continues to be protected against the sale of a business from a grantor to a successor corporation where the grantor and successor enter into the transaction simply to evade the obligations of the fair dealership law. Such situations would come under the fourth exception recognized in *Leannais.* Presumably, the other exceptions identified in *Leannais* would also apply where the facts warranted their application. The Court simply holds in the instant case that there is no special exception to the general rule for Chapter 135 claims.

For the foregoing reasons, the Court will grant Renfield's motion for summary judgment.

*Wine Import's Motion for Summary Judgment and Gerolmo's Motion for a Stay of Execution of Summary Judgment*

In No. 81–C–1377, Wine Imports seeks an order granting summary judgment on its collection claim against Gerolmo. In support of its motion, Wine Imports has submitted Gerolmo's responses to requests for admissions. Gerolmo admits that it owes $24,859.38, plus interest at 1% per month from August 28, 1981, and $3,021.01, plus interest at 1.5% per month from October 31, 1981. Gerolmo has not opposed the motion for summary judgment. Because there appear to be no material facts at issue in regard to Wine Imports' collection claim, the Court will grant the motion for summary judgment.

Gerolmo has filed a motion to stay execution of summary judgment in the event summary judgment is granted. The motion is made pursuant to Rule 62(h) of the Federal Rules of Civil Procedure. Rule 62(h) provides:

> (h) Stay of Judgment as to Multiple Claims or Multiple Parties. When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.

Although the Court has granted Wine Imports' motion for summary judgment, as indicated above, it has not ordered the entry of judgment on Wine Imports' claim pursuant to Rule 54(b). This is, however, an appropriate instance for entry of judgment under the rule since Wine Imports' counterclaim is distinct from Gerolmo's fair dealership claim. Because the Court is of the opinion that there is no just reason for

delay, it will order the entry of judgment on the collection claim.[1]

The question then becomes whether the enforcement of that judgment should be stayed pending resolution of Gerolmo's claim against Wine Imports and, if so, upon what conditions. Gerolmo argues that the judgment should be stayed in view of the size of its claim against Wine Imports. Wine Imports argues that the stay should be denied because Gerolmo's claim presents a separate and independent cause of action. Both sides present cases to support their respective positions. Under the circumstances of this case, the Court believes it is appropriate to grant the requested stay. However, the Court will require as a condition of the stay that Gerolmo file a bond in the amount of $35,000.00 to secure payment of the judgment. *See,* Wright & Miller, *Federal Practice and Procedure* § 2909.

### Motion for Leave to Amend Complaint

Gerolmo seeks leave to amend its complaint for the purpose of adding a common law cause of action to its original cause of action against Wine Imports under Chapter 135. Gerolmo does not state in so many words what theory of liability it relies upon in asserting its common law cause of action. Wine Imports opposes the motion for leave to amend on the ground that the new claim fails to state a claim upon which relief can be granted. Unfortunately, Gerolmo has not shed any light on this issue in its reply brief.

▬ The Court has examined the proposed amended complaint and concludes that leave to amend should be denied. Although leave to amend should generally be freely given, the Court need not grant leave to amend where the proposed amendment fails to state a colorable claim for relief. The gist of Gerolmo's proposed amendment is that Wine Imports misrepresented to Renfield that Gerolmo had no dealership rights to distribute Giacobazzi wine. On the basis of that misrepresentation, alleges Gerolmo, Renfield wrongfully terminated Gerolmo's dealership rights. For relief, Gerolmo seeks reimbursement of amounts which it expended in promoting the sale of Giacobazzi. The Court fails to see how the foregoing states a common law cause of action against Wine Imports. Accordingly, the motion for leave to amend will be denied.

### Motion for a Jury Trial

Gerolmo did not make a timely demand for a jury trial on its fair dealership claim after the case was removed to this Court. Gerolmo now seeks by way of motion an order that the case be tried to a jury.

▬ A motion for a jury trial under Rule 39 of the Federal Rules of Civil Procedure is addressed to the discretion of the trial court. This Court generally takes the position that a motion for a jury trial should be granted in the absence of strong and compelling reasons to the contrary. *See,* Wright & Miller, *Federal Practice and Procedure,* § 2334 at 113. Here, the Court finds no compelling circumstances which would make a jury trial inappropriate. Accordingly, the Court will grant the motion for a jury trial.

### Motion for a Preliminary Injunction

Gerolmo's seeks a preliminary injunction which would require Renfield and Wine Imports to fill Gerolmo's orders for Giacobazzi Lambrusco and to refrain from appointing any other distributors for Giacobazzi wine in Kenosha, Racine, and Walworth Counties. Of course, this request is now moot as against Renfield since Renfield's motion for summary judgment has been granted. Thus, the Court considers the preliminary injunction request only as it relates to Wine Imports.

---

1. The judgment entered in favor of Wine Imports will be in the amount of $33,750.07. That amount has been arrived at as follows:

$24,859.38 (principal amount)
+ 5,046.45 (interest at 1% from 8/28/81)
$29,905.83

plus

$ 3,021.02 (principal amount)
+ 823.23 (interest at 1½% from 10/31/81)
$ 3,844.24

■ The parties have filed lengthy briefs in regard to the preliminary injunction motion, but the Court need only be brief in resolving the matter. The record before the Court indicates that Wine Imports no longer has the right to import and sell Giacobazzi wine. That right has been sold to Renfield. If the Court were to order Wine Imports to continue to fill Gerolmo's order for Giacobazzi, it would be ordering a party to do something which it is unable to do. This would work an unreasonable hardship on Wine Imports which would outweigh the harm caused to Gerolmo in denying the motion. In addition, it would be contrary to the public interest to order a party to do something which it is unable to do. Accordingly, the Court will deny the motion for a preliminary injunction.

*Summary*

For the foregoing reasons, the Court hereby:

(1) GRANTS Renfield's motion for summary judgment;

(2) GRANTS Wine Imports' motion for summary judgment against Gerolmo and ORDERS, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that judgment be entered in favor of Wine Imports against Gerolmo in the amount of $33,-750.07. Pursuant to Rule 62(h), such judgment shall be stayed pending the resolution of Gerolmo's claims against Wine Imports on the condition that Gerolmo files a bond with the Clerk of Court in the amount of $35,000.00 within thirty (30) days of the date of this order;

(3) DENIES Gerolmo's motion for leave to file an amended complaint;

(4) GRANTS Gerolmo's motion for a jury trial; and

(5) DENIES Gerolmo's motion for a preliminary injunction.

SO ORDERED this 29th day of April 1983, at Milwaukee, Wisconsin.