David Pettit, Robert White, O'Melveny & Myers, Los Angeles, Cal., for plaintiff.

James J. Slattery, Gehrig, Parker & Baldwin, Cincinnati, Ohio, for defendant.

---

In the Matter of BALDWIN–UNITED CORPORATION, D.H. Baldwin Company, et al., Debtors.

BALDWIN–UNITED CORPORATION, Plaintiff,

v.

Morley P. THOMPSON, Defendant.

Bankruptcy No. 1–83–02495.
Adv. No. 1–84–0119.

United States Bankruptcy Court, S.D. Ohio, W.D.

July 3, 1985.

## FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

RANDALL J. NEWSOME, Bankruptcy Judge.

This Chapter 11 adversary proceeding is before the Court pursuant to a trial on the merits conducted on June 6, 1985 upon the complaint for money due on promissory notes filed by plaintiff Baldwin-United Corporation ("BU"). Pursuant to BU's requests for admission which have been deemed admitted by defendant Morley P. Thompson ("Thompson") under Rule 36 of the Federal Rules of Civil Procedure for failure to file a timely response thereto; the testimony and exhibits admitted at tri-

al; and the stipulation of facts entered into by the parties on June 5, 1985, which is attached hereto and incorporated herein by this reference; the Court hereby submits its Findings of Fact, Opinion, and Conclusions of Law.

### Findings of Fact

1. Thompson executed promissory notes in favor of BU on or about April 16, 1979 (the "1979 promissory note"), February 15, 1980 (the "1980 promissory note"), October 2, 1981 (the "1981 promissory note"), and July 16, 1982 (the "1982 promissory note") (collectively, the "promissory notes") for the purchase of shares of BU common stock. Exhibits "A", "B", "C", and "D" to plaintiff's Complaint are true and correct copies of the promissory notes.

2. BU has fulfilled all of the terms and conditions imposed upon it under the promissory notes.

3. The promissory notes, and each of them, were at all times and are now binding and enforceable according to their terms and conditions. The terms of the promissory notes have not been amended or altered in any way by BU.

4. In exchange for the promissory notes, BU transferred to Thompson the following amount of shares of BU common stock on or about the following dates: April 16, 1979—8,000 shares; February 15, 1980—12,000 shares; October 2, 1981—9,-500 shares; and July 16, 1982—5,000 shares. Thompson has subsequently transferred to others each of these shares.

5. Thompson is in default on each of the promissory notes.

6. BU made written demand on Thompson for the then-outstanding balance on the promissory notes on or about March 13, 1984. Thompson made no payments on the promissory notes subsequent to said demand.

7. The following amounts are due and owing by Thompson to BU on the promissory notes as of June 6, 1985:

| | Principal | Interest | Total |
|---|---|---|---|
| 1979 Promissory Note | $112,288.16 | $21,736.41 | $134,024.57 |
| 1980 Promissory Note | 333,702.47 | 64,597.49 | 398,299.96 |
| 1981 Promissory Note | 331,629.21 | 64,196.06 | 395,825.27 |
| 1982 Promissory Note | 91,899.75 | 17,789.83 | 109,689.58 |
| Total | $869,519.59 | $168,319.79 | $1,037,839.38 |

8. Interest continues to accrue in favor of BU on the promissory notes at the total aggregate rate of $228.69 per day from June 6, 1985.

9. The foregoing constitutes a complete and final disposition of all of the claims in plaintiff's complaint. There is no just reason for delaying entry of judgment in favor of BU on the promissory notes in question.

Accordingly, the judgment entered contemporaneously with these findings is hereby certified to be final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

### Opinion

Given the above findings as well as the evidence and stipulations upon which they are based, no factual or legal disputes remain for our consideration in determining plaintiff's claims. The need for a memorandum of law on this matter arises solely out of the plaintiff's motion for immediate entry of a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,[1] as incorporated by Bankruptcy Rule 7054. Defendant has opposed this motion, and has asked in the alternative that if the Court certifies the judgment as final, it stay the enforcement of that judgment under Rule 62(h).[2]

---

**1.** Rule 54(b) reads in pertinent part as follows:

When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

**2.** Rule 62(h) reads as follows:

When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.

The United States Supreme Court has carefully set forth the standards governing certification under Rule 54(b). We must first determine whether there has been "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956). We must then decide whether there is any "just reason for delay" in entering final judgment. Our inquiry should focus on promoting sound judicial administration and basic fairness to the litigants. The factors to be considered include whether:

the claims finally adjudicated were [are] separate, distinct, and independent of any of the other claims or counterclaims involved; that review of these adjudicated claims would not be mooted by any future developments in the case; and that the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 5–6, 100 S.Ct. 1460, 1463–64, 64 L.Ed.2d 1 (1980).

The Court should consider the relative hardship and solvency of the litigants, as well as any other equitable considerations which might be present. While a potential recovery on a claim of set-off or a counterclaim is one such equitable consideration, the Supreme Court has clearly held that it is by no means dispositive. *Curtiss-Wright Corp.,* 446 U.S. at 9, 100 S.Ct. at 1465.

In this proceeding it is apparent that a final judgment has been rendered, and that appropriate "juridical concerns" favor certification. *Id.* at 10, 100 S.Ct. at 1466. BU's claims on the promissory notes have been completely adjudicated, since both the fact and amount of Thompson's liability on those notes has been determined. *Rudd Construction Equipment Co. v. Home Insurance Co.,* 711 F.2d 54, 56 (6th Cir.1983). Both the factual and legal basis for BU's claims are entirely separate and distinct from that of Thompson's counterclaims for wrongful termination, severance pay, and indemnification. Indeed, to the extent that the decision on BU's claims poses any questions of fact or law for the District Court to review, there is no threat of repetitious rulings on those questions in subsequent appeals; nor will Thompson's liability on the notes be rendered moot by subsequent proceedings in this matter.

Our consideration of the equities among the parties also leads us to conclude that certification is appropriate. While we do not doubt that immediate enforcement of the judgment against Thompson will pose a financial hardship for him, that hardship differs only in amount from that of hundreds of other past and present BU employees similarly situated. To allow the former president of the company to evade his repayment obligations for months or years through drawn out litigation, while present employees of lesser means are repaying their notes through payroll deductions, would grossly compromise the integrity and fairness of the judicial system.

By the same token, this Court cannot ignore the present hardship of BU and its investors. According to recent financial information, the company has a negative net worth of $1 billion. Many of the holders of company securities are elderly and on fixed incomes. They have not received interest or dividends since sometime prior to September, 1983, and the value of their securities has fallen dramatically. Their only hope of recovery lies in the company's struggle to reorganize. If that goal is to be reached by the January 15, 1986 deadline imposed under a settlement agreement with the Arkansas & Indiana insurance rehabilitators, the company must maximize the collection of cash and other assets owed to it as quickly as possible. To the extent that certification under Rule 54(b) should be limited to the "infrequent harsh case," we believe that the circumstances of Baldwin-United's bankruptcy amply meet that qualification. *Compare Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 9–10, 100 S.Ct. 1460, 1465–66, 64 L.Ed.2d 1 (1980) *with Rudd Construction Equipment Co. v. Home Insurance Co.,*

711 F.2d 54, 56 (6th Cir.1983). *See also, Union Oil Co. v. Service Oil Co., Inc.* 766 F.2d 224, 227–28 (6th Cir.1985).

Thompson asserts that BU's insolvency is matched by his own, and he has threatened to file his own Chapter 11 petition. Unlike the company's, his insolvency has yet to be fully explored and established. Even if his assertion is correct, the entry of a final judgment on his liability to BU, either now or years from now, will put him in no better or worse position. Certainly it will have no effect on his ability to seek the protection of the bankruptcy laws.

Thompson argues that this Court committed error in its holding that a stockholder has no right of setoff as to a debt for unpaid stock, and that a recovery on his setoff claims would substantially reduce his liability on the notes. *In re Baldwin-United Corp.*, 48 B.R. 49, 55 (Bankr.S.D. Ohio 1985). While we have considered the possibility that Thompson might recover some of what he must pay to the company if he prevails on his counterclaims, we adhere to our view that he has no right of setoff. Given his admitted liability on the notes, we do not believe that possible recovery on his counterclaims outweighs the other equitable considerations outlined above.

Finally, Thompson suggests that if this Court grants BU's motion, it should stay the enforcement of the judgment pursuant to Rule 62(h) of the Federal Rules of Civil Procedure. *See, Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. at 13 n. 3, 100 S.Ct. at 1467 n. 3 (1980). For the same reasons outlined above, the equities do not favor the issuance of a stay of enforcement of the judgment. As was noted in *Robbins Flooring, Inc. v. Federal Floors, Inc.*, 445 F.Supp. 4, 13 (E.D.Pa.1977):

> The power to stay execution should be exercised with caution and never unless the case is plain and the equity of the party seeking it free from doubt or difficulty.

While the Court recognized that execution on the judgment might result in the defendant's financial ruin, the failure to offer an "acceptable plan for the judgment's satisfaction" and the "elusive and uncertain" prospect for recovery on its counterclaim precluded the issuance of a stay. *Id.* at 14. The reasoning of *Robbins Flooring* rings equally true in this proceeding. *See also, Gregory v. Garrett Corp.*, 589 F.Supp. 296, 301 (S.D.N.Y.1984).

For the above stated reasons, the Court shall direct that final judgment be entered in favor of the plaintiff in the amount of $1,037,839.38, with interest to accrue at the rate of $228.69 per day. The motion for certification under Rule 54(b) is hereby GRANTED. The request for stay of execution under Rule 62(h) is hereby DENIED.

### Conclusions of Law

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157.

2. The action is a "core" proceeding pursuant to 28 U.S.C. § 157.

3. The promissory notes were at all times and are now binding and enforceable according to their terms and conditions.

4. Thompson received good and valuable consideration for the promissory notes.

5. Thompson is in default on the promissory notes.

6. BU has fulfilled all of the terms and conditions imposed on it under the promissory notes.

7. Pursuant to 28 U.S.C. § 1961 and Ohio Revised Code § 1343.02, interest on the promissory notes shall be computed until payment is made at the rate specified in the promissory notes.

8. BU is entitled to judgment in its favor and against Thompson in the sum of $1,037,839.38 plus interest at the rate of $228.69 per day from June 6, 1985.

9. BU is entitled to immediate entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) and Bankruptcy Rule 7054 and the Clerk is hereby directed to enter judgment for BU forthwith.

10.  The execution of judgment shall not be stayed pursuant to Federal Rule of Civil Procedure 62(h).

IT IS SO ORDERED.