DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
MAURIZIO

Docket No. 60011. Submitted March 24, 1983, at Detroit.—Decided
September 27, 1983. Leave to appeal applied for.

Emma and Vincent Maurizio and Alice and Setrag Haroutunian
were injured when the vehicle in which they were riding was
struck by an uninsured motorist. They were all insured by the
Detroit Automobile Inter-Insurance Exchange, which also in-
sured the vehicle in which they were riding. The Maurizios and
Haroutunians requested payment of uninsured motorist bene-
fits under both their own respective policies and the policy
covering the vehicle. DAIIE refused payment, and they de-
manded arbitration, which was provided for in the insurance
policies. DAIIE then brought an action in Wayne Circuit Court
seeking a declaration that the defendants were limited to
recovery under only one policy and an injunction against
arbitration of the dispute. The circuit court granted summary
judgment to DAIIE and issued the requested injunction. Nearly
three years later the defendants filed a motion to vacate the
injunction and a motion for accelerated judgment, claiming
that the court lacked subject-matter jurisdiction to decide the
case. The court, Thomas Roumell, J., ruled that the dispute was
to be decided by arbitration and that the court was without
jurisdiction over the matter. The court ordered accelerated
judgment, vacated all earlier orders, judgments and injunc-
tions, and ordered the parties to arbitration. DAIIE appealed,
alleging that the court erred in ruling that it had no subject-
matter jurisdiction of an arbitrable dispute. *Held:*

1. While the defendants' motion for accelerated judgment
was not timely, their attack on the summary judgment and

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 160.
[2] 61A Am Jur 2d, Pleading § 237.
[3] 46 Am Jur 2d, Judgments § 49.
[4] 20 Am Jur, Courts § 97.
[5] 20 Am Jur 2d, Courts § 98.
[6] 20 Am Jur 2d, Courts § 91.
[7] 20 Am Jur 2d, Courts § 149.

injunction was timely if those actions were void for lack of jurisdiction. A void judgment may be attacked at any time.

2. The statute governing arbitration, which controls the arbitration of the matter in this case, does not divest the circuit courts of jurisdiction of arbitrable disputes. While it may not have been proper for the court to decide the matters at issue rather than refer the parties to arbitration, that question is not at issue in this appeal and will not be decided. The court's grant of summary judgment and the injunction were not void for lack of subject-matter jurisdiction.

Reversed.

1. ARBITRATION — JUDGMENTS — STATUTES.

A contractual arbitration clause which provides that judgment on the award of the arbitrators may be entered in any court having jurisdiction renders the arbitration subject to the uniform arbitration act (MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.).*

2. JUDGMENTS — ACCELERATED JUDGMENT.

A motion or request for accelerated judgment must be made not later than the moving party's first responsive pleading (GCR 1963, 116.1).

3. JUDGMENTS — VOID JUDGMENTS.

A judgment which is void may be attacked at any time.

4. COURTS — JURISDICTION.

Any action by a court with respect to a cause over which the court does not have subject-matter jurisdiction, other than to dismiss the cause, is void.

5. COURTS — CIRCUIT COURTS — JURISDICTION.

Circuit courts have original jurisdiction to hear and determine all civil claims except where denied by constitution or statute (Const 1963, art 6, § 13; MCL 600.605; MSA 27A.605).

6. STATUTES — COURTS — JURISDICTION — JUDICIAL CONSTRUCTION.

The Court of Appeals, in construing a statute which is claimed to divest the circuit courts of jurisdiction over a controversy, must employ a strict test in which whatever presumptions are permitted are in favor of the retention of jurisdiction; the statutory language must leave no doubt that the Legislature intended to deprive the circuit court of jurisdiction.

7. COURTS — JURISDICTION — ARBITRATION — STATUTES.

The circuit courts have not been deprived by the uniform arbitra-

tion act of jurisdiction to decide arbitrable matters, although in the circumstances of a particular case it may be improper for a court to decide a matter without first referring the parties to arbitration (MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.*).

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Edwin F. Dyer, II*), and *Gromek, Bendure & Thomas* (by *James G. Gross*), of counsel, for plaintiff.

*Frank K. Penirian, Jr.* (by *William R. Stackpoole*), of counsel, for defendants.

Before: R. M. MAHER, P.J., and MACKENZIE and M. B. BREIGHNER,* JJ.

PER CURIAM. Plaintiff appeals from the circuit court's order granting the defendants' motion for accelerated judgment, GCR 1963, 116.1(2), and its order vacating all previous orders, injunctions, and judgments *nunc pro tunc.*

The facts are undisputed. Defendants were passengers in a van which was struck by an uninsured motorist. Plaintiff insured the van which was owned and operated by Wilma R. Flowers. Plaintiff also insured the Maurizios and the Haroutunians. The three policies included uninsured motorist coverage. Each policy included as well an "anti-stacking" provision:

"The insurance afforded by this coverage does not apply:

"(1) to bodily injury to an insured sustained while occupying any automobile, other than an owned automobile, except a non-owned automobile to which there is applicable and available to such insured no insurance similar to that afforded by this coverage."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The policies further defined the terms "owned" and "non-owned" as follows:

" 'Owned' automobile means the vehicle described in the Declaration Certificate and, as defined herein, a temporary substitute automobile, a replacement automobile, and a trailer owned by the insured.

" 'Non-owned' automobile means any automobile or trailer, other than a temporary substitute automobile, not owned by, furnished or available for the frequent or regular use of the named insured, however, an automobile or trailer rented or leased by the named insured or relative for a continuous period of 30 days or less shall not be deemed to be furnished or available for frequent or regular use."

In addition, each policy provided for arbitration in the following language:

"The determination as to whether the insured shall be legally entitled to recover damages and if so entitled the amount thereof, shall be made by agreement between the insured and the Exchange.

"In the event of disagreement and upon the written demand of either, the matter or matters upon which the insured and Exchange do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The insured and the Exchange each agree to consider itself bound and to be bound by the arbitrators pursuant to this coverage. Such an award shall be a condition precedent to any action against the Exchange by reason of the insurance afforded by this coverage."

Because the arbitration clause states that "judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof" the arbitration is governed by the uniform arbitration act, MCL 600.5001 *et seq.;* MSA

27A.5001 *et seq.,* and is said to be statutory. See *Detroit Automobile Inter-Ins Exchange v Gavin,* 416 Mich 407, 417; 331 NW2d 418 (1982).

The defendants requested payment of benefits under the uninsured motorist provisions of their respective policies as well as under the policy of Flowers. When the plaintiff refused payment, the defendants demanded arbitration.

Plaintiff then filed an action for declaratory judgment in which it sought a judicial determination that the above-quoted anti-stacking provision precluded the defendants from recovering under their respective policies. Plaintiff sought to limit defendants' recovery to Flowers' policy. Plaintiff also asked the court to enjoin the American Arbitration Association from arbitrating the dispute. After the defendants filed their answers, the plaintiff moved for summary judgment pursuant to GCR 1963, 117.2(3). The court granted the motion and also issued the requested injunction.

The defendants then filed a motion for reconsideration which was denied. Subsequently, they sought appeal in this Court. The appeal, which was defective, was eventually dismissed by this Court after the defendants failed to respond to repeated requests to rectify the deficiencies.

About two years later, the defendants filed a motion for clarification, GCR 1963, 528.3, in the circuit court. The motion was denied. Subsequently, the defendants filed a motion to vacate the injunction and a motion for accelerated judgment due to lack of subject-matter jurisdiction. The trial court ruled that the dispute between the parties was to be decided by arbitration and that, therefore, the court had no jurisdiction to decide the case. The court ordered the entry of accelerated judgment, vacated all earlier orders, judg-

ments, and injunctions issued by the court, and ordered the parties to arbitration.

On appeal, plaintiff argues one issue. The plaintiff maintains that because the defendants challenged the court's entry of summary judgment and the injunction nearly three years after the court granted these forms of relief, the defendants' only timely claim was that the court's actions were void due to lack of subject-matter jurisdiction. The plaintiff challenges the court's ruling that it has no subject-matter jurisdiction of an arbitrable dispute. The plaintiff maintains that, at most, the court's resolution of an arbitrable dispute can be attacked as improper; it cannot be challenged as void.

GCR 1963, 528.3 allows a court, by motion of a party, to relieve that party from a final judgment on the ground that the judgment is void. Although the defendants did not move in the trial court pursuant to this court rule when they challenged the court's earlier entry of summary judgment and the injunction as void, we will treat it as such. We note that the motion for accelerated judgment, through which the defendants sought relief, was untimely; a request for accelerated judgment must be made "not later than [the moving party's] first responsive pleading". GCR 1963, 116.1.

A judgment which is void may be attacked at any time.

"Relief must be granted if the judgment is void, and there is no time limit on attacking a void judgment." 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 185. See, also, *In re Adrianson,* 105 Mich App 300, 307; 306 NW2d 487 (1981).

When a court is called on to decide an issue over which it has no subject-matter jurisdiction, the

court's only recourse is to dismiss the case; any other action is void:

"When a court is without jurisdiction of the subject matter, any action with respect to such a cause, other than to dismiss it, is absolutely void." *Fox v Board of Regents of University of Michigan,* 375 Mich 238, 242; 134 NW2d 146 (1965).

Thus, defendants' attack on the court's entry of summary judgment and the injunction, which came nearly three years after the court took these actions, is timely if these actions are void for lack of jurisdiction over an arbitrable dispute.

Jurisdiction over a particular subject matter is the court's ability " 'to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending' ". *Joy v Two-Bit Corp,* 287 Mich 244, 253; 183 NW 45 (1938). See, also, *Adams v Adams,* 100 Mich App 1, 16; 298 NW2d 871 (1980). Our state constitution provides that the "circuit court shall have original jurisdiction in all matters not prohibited by law". Const 1963, art 6, § 13. The Legislature has given the circuit court broad original jurisdiction over civil cases:

"Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605; MSA 27A.605.

Because the dispute involved in the instant case pertains to a civil claim, the circuit court has original jurisdiction to resolve that dispute unless one of the exceptions applies. The defendants do

not argue that jurisdiction to determine their dispute with plaintiff vests in some court other than the circuit court. Thus, the first exception is inapplicable. Rather, they argue that the circuit court has been "denied jurisdiction" to resolve the disagreement by Michigan's arbitration act.

Section 5001(2) of the arbitration act states:

"A provision in a written contract to settle by arbitration under this chapter, a controversy thereafter arising between the parties to the contract, with relation thereto, and in which it is agreed that a judgment of any circuit court may be rendered upon the award made pursuant to such agreement, shall be valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the rescission or revocation of any contract. *Such an agreement shall stand as a submission to arbitration of any controversy arising under said contract not expressly exempt from arbitration by the terms of the contract.*" (Emphasis supplied.)

The defendants argue that the emphasized portion of the above-quoted language places in the arbitrators jurisdiction over a controversy arising under a contract including an arbitration provision. The defendants also point to § 5025:

"Upon the making of an agreement described in section 5001, the circuit courts have jurisdiction to enforce the agreement and to render judgment on an award thereunder. The court may render judgment on the award although the relief given is such that it could not or would not be granted by a court of law or equity in an ordinary civil action."

The defendants argue that this provision limits a circuit court's jurisdiction over an arbitrable dispute to the enforcement of the arbitration agreement and the rendering of a judgment on the arbitrators' award.

In construing these provisions, we are reminded that the Supreme Court has cautioned:

"The divestiture of jurisdiction * * * is a serious matter and cannot be done except under clear mandate of law." *Leo v Atlas Industries, Inc,* 370 Mich 400, 402; 121 NW2d 926 (1963).

In *Crane v Reeder,* 28 Mich 527, 532-533 (1874), it was said:

"In dealing with statutes intended to affect or claimed to affect the continuance of jurisdiction in courts of original and general authority the law has always recognized a principle of construction which served to favor the retention of jurisdiction. * * * Indeed the authorities are very numerous and striking, that before it can be claimed that an act is to have the effect to absolutely divest a jurisdiction which has regularly and fully vested, the law in favor of it must be clear and unambiguous. * * *

"Whatever presumptions are permitted are in favor of the retention of the authority, are in favor of the usual and ordinary course, as opposed to what is unusual and exceptional; and it is very natural and reasonable to suppose that the Legislature, in so far as they should think it needful to authorize interruptions and the shiftings of jurisdiction, would express themselves with clearness and leave nothing for the play of doubt and uncertainty."

See, also, *Paley v Coca Cola Co,* 389 Mich 583, 592-593; 209 NW2d 232 (1973) (opinion of WILLIAMS, J.). With these principles in mind, we proceed to consider the language of §§ 5001 and 5025.

When the Legislature said, in § 5001, that an arbitration agreement "shall stand as a submission to arbitration of any controversy arising under said contract not expressly exempt from arbitration by the terms of the contract" it could have

meant to deprive the circuit court of jurisdiction of arbitrable disputes. But we cannot infer such meaning from the language selected by the Legislature. Quite simply, that language, though suggestive of such meaning, does not *explicitly* deprive the circuit court of jurisdiction over arbitrable matters.

In § 5025, the Legislature directly addresses the jurisdiction of the circuit court over arbitration. The statute imparts to the circuit court jurisdiction to take two actions: to enforce the arbitration agreement and to render judgment on the arbitrators' award. But the statute does not explicitly *deprive* the circuit court of jurisdiction to decide an arbitrable matter. Of course, it is a familiar principle of statutory construction that where "certain things are specified in a law, the intention to exclude all others from its operation may be inferred". *Eyde v Lansing Twp,* 109 Mich App 641, 645; 311 NW2d 438 (1981). Under that doctrine, the statute's failure to extend the circuit court's jurisdiction to arbitrable disputes is viewed as an exclusion of such jurisdiction. Nevertheless, where this Court must examine certain statutory language to determine whether the Legislature intended to deprive the circuit court of jurisdiction, we must employ a test stricter than *"expressio unius est exclusio alterius".* The language must leave no doubt that the Legislature intended to deprive the circuit court of jurisdiction of a particular subject matter. Section 5025 does not employ such language. Jurisdiction to enforce an arbitration agreement and to enter judgment on the arbitrators' award is compatible with jurisdiction to resolve an arbitrable dispute.

Our analysis leads us to the conclusion that a circuit court has not been deprived of jurisdiction

to decide an arbitrable dispute. Defendants argue that we are prevented from so holding by the Supreme Court's decision in *Kaleva-Norman-Dickson School Dist No 6, Counties of Manistee, Lake & Mason v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). In that case, the Court stated:

"In deciding whether a dispute involving an issue of contract interpretation is arbitrable, a court should guard against the temptation to make its own interpretation of the substantive provisions of the contract encompassing the merits of the dispute. If the parties have agreed that an arbitrator shall decide questions of contract interpretation, the merits of the dispute are for the arbitrator.

"Where a court finds itself weighing the pros and cons of each party's interpretation of substantive provisions of the contract, it is likely that the court has gone astray. The question for the court is not whether one interpretation or another is correct, but whether the parties have agreed that an arbitrator shall decide which of the competing interpretations is correct." 393 Mich 594-595.

Defendants urge us to read the above language for the proposition that the circuit court has no jurisdiction to decide an arbitrable dispute. We decline to do so. The question of the circuit court's jurisdiction to resolve such a dispute was not before the Court in *Kaleva.* Rather, the issue was whether the trial court had properly decided that the dispute between the parties was not arbitrable. The Supreme Court held that the trial court and, on appeal, this Court had erred in ruling that the matter was not to be decided by the arbitration. The above-cited language is designed only to advise the courts that, when deciding whether or not a dispute is arbitrable, they must not look to the merits of the underlying claims. Thus, *Kaleva* is concerned with the proper test of arbitrability. It

is not concerned with the circuit court's jurisdiction to decide a dispute which, under that test, is properly for the arbitrator.

We hold that the circuit court had jurisdiction to decide the dispute between these parties. Thus, the court's original order granting the plaintiff's motion for summary judgment and its injunction are not void for lack of subject-matter jurisdiction. The trial court erred in vacating that order and injunction, granting defendants' motion for accelerated judgment and ordering the parties to proceed to arbitration.

As a final matter, we must emphasize that the only question before this Court and addressed in this opinion is whether the trial court lacked subject-matter jurisdiction to decide an arbitrable issue, and not whether it was proper for the circuit court to decide such an issue. Had defendants properly appealed from the circuit court's initial decision granting plaintiff summary judgment and enjoining arbitration, the question of whether the court acted properly in deciding the arbitrable dispute and refusing to order arbitration would have been before us, and we could, of course, have been compelled to hold that the trial court had erred. *Kaleva, supra,* p 595. However, that question is not before us since the instant case comes to us by way of plaintiff's appeal from the trial court's subsequent decision that it lacked subject-matter jurisdiction. Thus, we do not suggest that a court may properly resolve an arbitrable dispute without first referring the litigants to arbitration. Rather, we hold only that the circuit court's initial disposition of the case may not be overturned on the basis of lack of subject-matter jurisdiction.

The judgment is reversed and the orders vacating the summary judgment and the injunction and directing the parties to arbitration are vacated.