CAMPBELL v ST JOHN HOSPITAL

Docket Nos. 84112, 84904. Argued November 7, 1989 (Calendar No. 8).
Decided May 7, 1990.

Deborah Campbell, as personal representative of the estate of
Mamie Sutton, deceased, brought a wrongful death action in
the Wayne Circuit Court against St. John Hospital, Ronald
Rourke, M.D., and Louis Gregory, M.D. The court, Michael
Stacey, J., granted summary disposition for the defendants on
the basis of a valid medical malpractice arbitration agreement.
The Court of Appeals, McDonald, P.J., and Holbrook, Jr., and
T. R. Thomas, JJ., reversed, holding that the existence of the
agreement did not deprive the circuit court of subject matter
jurisdiction, and that, while the arbitration agreement was
valid and binding under the Malpractice Arbitration Act, Dr.
Rourke waived his rights under the agreement by failing to
raise it as an affirmative defense in his first responsive plead-
ing. With respect to Dr. Gregory, the Court remanded his case
to the trial court for a determination of whether his conduct
following his answer to the complaint waived his right to
arbitration, notwithstanding his assertion of the defense in his
first responsive pleading (Docket No. 93807). The defendants
appeal.

In a unanimous opinion by Justice Brickley, the Supreme
Court *held:*

A valid medical malpractice arbitration agreement does not
deprive a circuit court of subject matter jurisdiction to hear a
medical malpractice case. A defendant seeking to arbitrate a
medical malpractice claim waives arbitration rights if the
arbitration agreement is not set forth as an affirmative defense
in the first responsive pleading.

1. The Michigan Constitution vests the circuit court with
broad original jurisdiction over all matters, particularly civil,
so long as jurisdiction is not expressly prohibited by law.
Subject matter jurisdiction is a court's ability to exercise judi-

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.

See the Index to Annotations under Arbitration and Award; Mal-
practice by Medical or Health Professions; Pleadings.

cial power over a class of cases, and is denied only by statute or the constitution. Retention of jurisdiction is presumed, and any intent to divest must be clear and unambiguous. Because medical malpractice claims constitute traditional civil actions for money damages and fall within the circuit court's original subject matter jurisdiction, the circuit court is not deprived of subject matter jurisdiction over medical malpractice controversies governed by arbitration agreements. Section 5044(2) of the Medical Malpractice Act does not vest exclusive jurisdiction to hear medical malpractice claims in a panel of arbitrators, nor does the act disclose a mandate from the Legislature to deprive the courts of jurisdiction in these controversies.

2. An arbitration agreement is in the nature of a release or a statute of limitations, narrowing a party's legal rights to pursue a particular claim in a particular forum. These rights are enforceable by the courts so that a valid release or the expiration of an applicable limitations period will defeat an otherwise valid claim. Thus the circuit court is bound to apply and enforce the law as to releases or statute of limitations defenses, but it is not deprived of subject matter jurisdiction over the controversy. The same principles are true with regard to medical malpractice arbitration agreements.

3. The Michigan Court Rules require that affirmative defenses be stated in a party's responsive pleading and that defenses not so asserted are waived. While an arbitration agreement is not among the defenses enumerated in MCR 2.111(F)(3)(a), the enumerated defenses were not intended to form a closed class, but were included by way of illustration only. Arbitration agreements, being in the nature of releases or statutes of limitations, are among the enumerated defenses. Moreover, an arbitration agreement is not a negative defense which goes to the merits of the plaintiff's claim. Instead, by asserting an agreement, a defendant seeks to foreclose the plaintiff from continuing a civil action for reasons unrelated to the plaintiff's prima facie case. Thus, an arbitration agreement is properly regarded as an affirmative defense. Further, MCR 2.111(F)(3)(c) requires the inclusion of a ground of defense which would be likely to surprise the adverse party. The broad language of MCR 2.111, coupled with case law recognizing the existence of affirmative defenses not specifically set forth in MCR 2.111(F)(3)(a), provides adequate warning to the practitioner that defenses which go beyond rebutting the plaintiff's prima facie case, other than lack of subject matter jurisdiction and failure to state a claim, should be stated in the responsive pleading or be deemed to have been waived.

4. In this case, Dr. Rourke did not preserve his right to rely

on the arbitration agreement because of his failure to assert that defense in his first responsive pleading. With respect to Dr. Gregory, the record is unclear whether the trial court decided that he had waived his rights under the agreement and the act, requiring remand to the circuit court for such a determination.

Affirmed.

170 Mich App 551; 428 NW2d 711 (1988) affirmed.

1. Courts — Circuit Courts — Arbitration — Malpractice Arbitration Act — Jurisdiction.

   A valid medical malpractice arbitration agreement does not deprive a circuit court of subject matter jurisdiction to hear a medical malpractice case (Const 1963, art 6, § 13; MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.*).

2. Arbitration — Malpractice Arbitration Act — Failure to Plead.

   A defendant seeking to arbitrate a medical malpractice claim waives arbitration rights if the arbitration agreement is not set forth as an affirmative defense in the first responsive pleading (MCR 2.111[F]; MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.*).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *David K. Barnes, Jr.* and *Barbara M. Robinson*), for the plaintiff.

*Schureman, Frakes, Glass & Wulfmeier* (by *Stephen A. Schaefer, J. Kelly Carley,* and *Priscilla L. Schwarze*) for defendant Ronald E. Rourke.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for defendant Louis J. Gregory.

BRICKLEY, J. We granted leave to appeal in this case limited to the following two questions: (1) whether an agreement under the Malpractice Arbitration Act[1] (MAA) deprives a circuit court of jurisdiction to resolve a controversy, and (2) whether a defendant waives enforcement of an arbitration agreement by failing to assert the existence of the agreement in the first responsive

[1] MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.*

pleading.[2] We find that such an agreement does not oust the court of jurisdiction and that it must be asserted in the first responsive pleading. We remand this case to the circuit court for further proceedings.

I. FACTS

On January 3, 1982, Mamie Sutton was admitted to St. John Hospital in order to undergo a hysterectomy. She signed an agreement that day to arbitrate claims arising from health care provided at St. John. She died in the hospital following surgery on January 30, 1982.

On January 25, 1984, Deborah Campbell, as personal representative of the estate of her mother, Ms. Sutton, brought a wrongful death action in Wayne Circuit Court against Dr. Ronald Rourke and Dr. Louis Gregory.[3] The plaintiff filed an amended complaint on March 29, 1985.

Dr. Gregory answered the original complaint and included the following affirmative defenses:

1. The claim of the Plaintiff is barred by virtue of the application of the Michigan Arbitration Act;
2. The claim of the Plaintiff is time barred by virtue of the Michigan Statute of Limitations.

Dr. Gregory's response to the amended complaint indicated reliance upon his previously filed affirmative defenses. (Dr. Gregory's specific contention that his affirmative defenses "included a claim that plaintiff's case was barred by virtue of

2 432 Mich 920 (1989). Although the grant order with respect to the application of defendant-appellant Rourke is not limited to the two above-described issues by its terms, resolution of these issues is dispositive of Dr. Rourke's appeal.

3 The complaint also named St. John Hospital, which is not a party to the instant appeal.

the Michigan Medical Malpractice Act" is not borne out by the record.)

Dr. Rourke's responsive pleadings did not refer in any way to an agreement to arbitrate.

The parties participated in discovery, including the taking of depositions and the exchange of interrogatories and responses.

In April, 1986, both defendants moved for summary disposition on the basis of a valid medical malpractice arbitration agreement. The trial court found the agreement to be valid and granted the defendants' motions. The Court of Appeals reversed, 170 Mich App 551; 428 NW2d 711 (1988). The Court first affirmed the trial court's ruling that the arbitration agreement was valid and binding under the MAA. *Id.,* pp 556-558. The existence of such an agreement, however, was held not to deprive a circuit court of subject matter jurisdiction. *Id.,* p 558. The Court determined that a defendant must raise the agreement as an affirmative defense in the first responsive pleading in order to preserve the rights to demand arbitration and to assert the agreement as the basis of a motion for summary disposition. *Id.,* pp 558-559. Rourke was deemed to have waived his rights under the arbitration agreement. Gregory's case was remanded to the trial court for a determination of whether his conduct following his answer to the complaint worked a waiver of his contractual right to arbitration notwithstanding his assertion of the arbitration defense in his first responsive pleadings. *Id.,* pp 559-560.

## II. SUBJECT MATTER JURISDICTION

As noted by the Court of Appeals and the parties, various panels of that Court have reached different results regarding the effect of a valid

medical malpractice arbitration agreement on the subject matter jurisdiction of the circuit court. *Id.,* p 558, n 1, and accompanying text. In this regard, we agree with and adopt the result of the Court of Appeals panel in the instant case, *id.,* pp 558-559, which in turn was based on the analysis in *Hendrickson v Moghissi,* 158 Mich App 290, 294-298; 404 NW2d 728 (1987):

> Although we find no Michigan cases directly relating to medical malpractice arbitration agreements, a detailed blueprint for analyzing the jurisdictional effects of arbitration agreements has been developed in the context of automobile insurance policies. In *DAIIE v Maurizio,* 129 Mich App 166; 341 NW2d 262 (1983), lv den 419 Mich 877 (1984), the plaintiff insurer sought a declaratory ruling as to the "stacking" of insurance coverage. The trial court ruled in favor of the plaintiff and enjoined the defendant from proceeding with arbitration. Nearly three years later, the defendant filed a motion to vacate the judgment and injunction as void for lack of subject matter jurisdiction. The trial court granted the defendant's motion. The sole issue on appeal was whether a statutory arbitration agreement deprives the circuit court of subject matter jurisdiction over an arbitrable controversy, thus allowing a party to challenge a judicial decision as void, undeterred by any time constraints.
>
> In rejecting the defendant's position in *DAIIE v Maurizio,* regarding lack of subject matter jurisdiction, this Court first observed that the Michigan Constitution vests the circuit court with broad original jurisdiction over all matters, particularly civil, so long as jurisdiction is not expressly prohibited by law. Const 1963, art 6, § 13. 129 Mich App 172. Subject matter jurisdiction in particular is defined as the court's ability " 'to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one

pending.' " 129 Mich App 172, citing *Joy v Two-Bit Corp,* 287 Mich 244, 253; 183 NW 45 (1938). Circuit court jurisdiction over a particular subject matter is denied only by constitution or statute. MCL 600.605; MSA 27A.605. In construing such statutes or constitutional provisions, retention of jurisdiction is presumed and any intent to divest the circuit court of jurisdiction must be clearly and unambiguously stated. 129 Mich App 174, citing *Leo v Atlas Industries, Inc,* 370 Mich 400, 402; 121 NW2d 926 (1963), and *Crane v Reeder,* 28 Mich 527, 532-533 (1874).

Application of the above analysis to the instant case persuades us that the circuit court is not deprived of subject matter jurisdiction over medical malpractice controversies governed by arbitration agreements. Medical malpractice claims constitute traditional civil actions for money damages and clearly fall within the circuit court's original subject matter jurisdiction. Neither party disputes this proposition. Defendants contend, however, that § 5044(2) of the Malpractice Arbitration Act, MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.,* and the uniform arbitration act, MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.,* expressly deprive the circuit court of jurisdiction to hear medical malpractice claims where the complaining party has signed a valid and binding arbitration agreement. We disagree.

\* \* \*

Contrary to defendants' claim, § 5044(2) does not vest *exclusive* jurisdiction in a three-member panel of arbitrators. Moreover, our review of the entire Malpractice Arbitration Act fails to disclose a single sentence which could be construed as such a legislative mandate.

Even when we read the Malpractice Arbitration Act in conjunction with the uniform arbitration act, we are unable to infer any intent on the part of the Legislature to deprive circuit courts of subject matter jurisdiction in these controversies.

\* \* \*

In our view, an arbitration agreement is in the nature of a release or a statute of limitations, narrowing a party's legal rights to pursue a particular claim in a particular forum. These rights are enforceable by the courts such that a valid release or the expiration of an applicable limitations period will defeat an otherwise valid claim. The circuit court is thus bound to apply and enforce the law as to releases or statute of limitations defenses, but is not deprived of subject matter jurisdiction over the controversy. The same principles are true with regard to medical malpractice arbitration agreements.

### III. WAIVER OF THE RIGHT TO DEMAND ARBITRATION

We also agree with the result of the Court of Appeals regarding the defendants' waiver of their arbitration rights. *Campbell, supra,* pp 559-560. Our court rules require that affirmative defenses be stated in a party's responsive pleading, and they provide that defenses not asserted in the responsive pleading are waived. MCR 2.111(F). While it is true that an arbitration agreement is not among the defenses enumerated in MCR 2.111(F)(3)(a), the inclusion of the words "such as" in that subsection indicates that the enumerated defenses were not intended to form a closed class, but were included by way of illustration only. See also FR Civ P 8(c) (enumerated defenses are not exclusive).

We first note our agreement with the observation in *Hendrickson* that "an arbitration agreement is in the nature of a release or a statute of limitations, narrowing a party's legal rights to pursue a particular claim in a particular forum." *Hendrickson, supra,* p 298. Releases and statutes of limitation are among the enumerated defenses in MCR 2.111(F)(3)(a). Moreover, the arbitration agreement is not a negative defense which goes to

the merits of the plaintiff's claim; instead, by asserting the agreement, a defendant seeks to foreclose the plaintiff from continuing a civil action for reasons unrelated to the plaintiff's prima facie case.[4] Therefore, in our judgment, an arbitration agreement is properly regarded as an affirmative defense.

Even if we were to interpret subsection MCR 2.111(F)(3)(a) restrictively, other language in MCR 2.111(F)(3) suggests that it was incumbent upon the defendants to assert the arbitration agreement in their responsive pleadings. MCR 2.111(F)(3)(c) requires the inclusion of "a ground of defense" which "would be likely" to surprise the adverse party. While the instant plaintiff may or may not have been surprised in fact by the existence of the arbitration agreement, personal representatives of patients who die following the signing of an agreement generally may be quite likely to be taken by surprise by the existence of such a document.

Finally, the broad language employed in MCR 2.111(F), coupled with case law recognizing the existence of affirmative defenses not specifically set forth in MCR 2.111(F)(3)(a)[5] provides adequate warning to the practitioner that defenses which go beyond rebutting the plaintiff's prima facie case, other than lack of subject matter jurisdiction and failure to state a claim,[6] should be stated in the responsive pleading, lest they be deemed to have been waived.

---

[4] See 2A Moore, Federal Practice, ¶ 8.27[3], p 8-182 ("Any matter that does not tend to controvert the opposing party's prima facie case as determined by applicable substantive law should be pleaded [as an affirmative defense]").

[5] See, e.g., *Shaw Investment Co v Rollert,* 159 Mich App 575, 580; 407 NW2d 40 (1987) (usury); *Booth Newspapers, Inc v Univ of Michigan Regents,* 93 Mich App 100, 108-109; 286 NW2d 55 (1979) (defense of potential invasion of privacy in an action to enjoin closed meetings).

[6] These defenses are not waived if omitted from the responsive pleading. MCR 2.111(F)(2).

Defendant-appellant Rourke has not preserved his right to rely on the arbitration agreement because of his failure to assert that defense in his first responsive pleading. Defendant-appellant Gregory asserted arbitration as an affirmative defense, but, as noted by the Court of Appeals, it is unclear from the record if the trial court decided whether Dr. Gregory's participation in circuit court proceedings and his delay in raising a motion for summary disposition on the basis of the arbitration agreement waived his rights under the agreement and the MAA. This issue is not before us, and the circuit court shall make this determination on remand as directed by the Court of Appeals.[7]

### IV. CONCLUSION

A valid medical malpractice arbitration agreement does not deprive a circuit court of subject matter jurisdiction to hear a medical malpractice case. A defendant seeking to arbitrate a medical malpractice claim waives arbitration rights if the arbitration agreement is not set forth as an affirmative defense in the first responsive pleading. The judgment of the Court of Appeals is affirmed, and the case is remanded to the Wayne Circuit Court for proceedings consistent with this opinion.

[7] We note that while parties may take depositions and obtain discovery whether the case is being pursued in circuit court or in the arbitral forum, such depositions and discovery are undertaken pursuant to arbitration under the MAA only "[a]fter the appointment of the panel of arbitrators . . . ." MCL 600.5048; MSA 27A.5048. There is no institution of arbitration requiring the empaneling of arbitrators unless and until a party to the agreement exercises the option of demanding arbitration. MCL 600.5044(2), 600.5046; MSA 27A.5044(2), 27A.5046. It does not appear from the record that Gregory made such a demand prior to his participation in discovery or that arbitrators were ever appointed.

RILEY, C.J., and LEVIN, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred with BRICK-LEY.