DEPARTMENT OF TREASURY v CENTRAL WAYNE COUNTY
SANITATION AUTHORITY

Docket No. 115015. Submitted March 14, 1990, at Detroit. Decided
June 26, 1990.

In 1976, the State of Michigan, the Air Pollution Control Com-
mission, and Michigan Department of Treasury brought an
action in the Wayne Circuit Court against the City of Detroit,
seeking a declaration that the city was required to pay certain
surveillance fees. The Central Wayne County Sanitation Au-
thority was permitted to intervene as a defendant. In an
amended complaint, plaintiffs sought payment of the unpaid
1974 surveillance fees. The trial court, Patrick J. Duggan, J.,
granted plaintiffs' motion for summary judgment and ordered
the city and the sanitation authority to "pay any and all
delinquent surveillance fees due and owing as of [August 28,
1981]." The city and the sanitation authority appealed. The
Court of Appeals affirmed, and the Supreme Court ultimately
denied leave to appeal. 130 Mich App 503 (1983), lv gtd 422
Mich 857 (1985), order granting lv vacated and lv den 424 Mich
894 (1986). In April, 1986, the Michigan Department of Trea-
sury, Revenue Division, billed the Central Wayne County Sani-
tation Authority for unpaid surveillance fees for the years from
1975 to 1984 and sought interest on the unpaid fees. The
sanitation authority paid the fees, but refused to pay the
accrued interest. In March, 1987, the Department of Treasury
brought an action in the Wayne Circuit Court for the unpaid
interest on the 1981 judgment. The trial court, J. Phillip
Jordan, J., granted the treasury department's motion for sum-
mary disposition, but denied the sanitation authority's motion.
The sanitation authority appealed.

The Court of Appeals held:

1. The 1981 judgment was a money judgment and thus
subject to the statute relative to interest on money judgments.

2. Interest on the entire money judgment is proper even

REFERENCES

Am Jur 2d, Interest and Usury §§ 59, 60, 96, 97.
See the Index to Annotations under Judgments, Orders, and De-
crees.

though the plaintiffs in the prior litigation originally sought only the monies owed for 1974.

3. The circuit court had subject-matter jurisdiction to hear the separate action seeking judgment interest for the prior judgment.

4. Liability for judgment interest was automatic upon the entry of the 1981 money judgment. The fact that the 1981 judgment failed to mention judgment interest did not bar the subsequent action seeking the statutorily mandated judgment interest.

5. The Department of Treasury has the legal capacity to maintain an action seeking payment of statutory judgment interest.

6. The period of limitation on enforcement of the 1981 judgment began to run on the date of the entry of the judgment. This action for statutory interest was commenced in a timely fashion.

7. The trial court's order was sufficiently specific to allow calculation of the unpaid interest.

Affirmed.

1. JUDGMENTS — INTEREST ON JUDGMENT — ENFORCEMENT OF JUDGMENTS — ACTIONS.

A judgment creditor who is entitled to the statutorily mandated judgment interest but to whom such interest has not been paid may seek enforcement of that liability by bringing an independent action to recover the unpaid judgment interest (MCL 600.6013; MSA 27A.6013).

2. JUDGMENTS — INTEREST ON JUDGMENT — ORDERS.

A person awarded a money judgment is entitled to statutory judgment interest even if the judgment does not specifically mention interest on the judgment (MCL 600.6013; MSA 27A.6013).

3. ACTIONS — INTEREST ON JUDGMENT — CAPACITY TO SUE — DEPARTMENT OF TREASURY.

The Michigan Department of Treasury has the legal capacity to bring an action to recover unpaid statutory interest on a judgment entered in favor of the department.

4. LIMITATION OF ACTIONS — INTEREST ON JUDGMENT — ACCRUAL OF CLAIM.

A claim for unpaid statutory interest on a judgment accrues, for the purpose of the application of the statutory period of limitation, on the date that the judgment is entered.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *E. David Brockman* and *Marci B. McIvor,* Assistant Attorneys General, for the plaintiff.

*Berry, Hopson, Francis, Mack & Seifman* (by *Ronald E. Mack*), for the defendant.

Before: REILLY, P.J., and MICHAEL J. KELLY and H. E. DEMING,* JJ.

PER CURIAM. Defendant appeals as of right from the trial court's order granting plaintiff's motion for summary disposition, brought pursuant to MCR 2.116(C)(10), and denying defendant's motion for summary disposition, brought pursuant to MCR 2.116(C)(4), (5), (7), (8) and (10). Defendant raises several issues on appeal. We affirm.

On October 25, 1976, the State of Michigan, the Air Pollution Control Commission and plaintiff, the Michigan Department of Treasury, sought a declaratory judgment that the City of Detroit was required and had failed to pay surveillance fees imposed pursuant to the Air Pollution Act, MCL 336.11 *et seq.*; MSA 14.58(1) *et seq.* Defendant, Central Wayne County Sanitation Authority, was permitted to intervene as a defendant. The parties filed cross-motions for summary judgment, and, by its order of August 28, 1981, the trial court granted summary judgment in plaintiff's favor and ordered the City of Detroit and defendant to "pay any and all delinquent surveillance fees due and owing as of the date of this Order . . . ." The court's order was affirmed on appeal. *Michigan v Detroit,* 130 Mich App 503; 343 NW2d 597 (1983), lv gtd 422 Mich 857 (1985), order granting lv vacated and lv den 424 Mich 894 (1986).

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

On April 8, 1986, plaintiff billed defendant for the unpaid surveillance fees from 1975 to 1984 and sought interest owed on the unpaid fees pursuant to MCL 600.6013; MSA 27A.6013. Although defendant paid the surveillance fees, it did not pay the $52,647.74 of accrued interest. On March 20, 1987, plaintiff filed this action to collect the interest on the judgment entered against defendant on August 28, 1981.

First, defendant contends the trial court erred in finding that the judgment entered on August 28, 1981, was a money judgment recovered in a civil action within the meaning of § 6013(1), which provides in relevant part:

> Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section, except that for complaints filed on or after October 1, 1986, interest shall not be allowed on future damages from the date of filing the complaint to the date of entry of the judgment.

The purpose of an award under this section is to compensate the prevailing party for the delay in its receiving money damages. *McCahill v Commercial Union Ins Co,* 179 Mich App 761, 777; 446 NW2d 579 (1989). The allowance of interest under § 6013(1) is mandatory, *Goins v Ford Motor Co,* 131 Mich App 185, 201-202; 347 NW2d 184 (1983), lv den 424 Mich 879 (1986), while in equitable actions, the question of interest is a discretionary matter for the trial court. *Cyranoski v Keenan,* 363 Mich 288, 294-295; 109 NW2d 815 (1961).

A money judgment is one which adjudges the payment of a sum of money as distinguished from directing an act to be done. *Marina Bay Condominiums, Inc v Schlegel,* 167 Mich App 602, 609; 423 NW2d 284 (1988), lv den 431 Mich 905 (1988).

Here, the trial court's August 28, 1981, order stated:

> IT IS FURTHER ORDERED that defendant and Intervening defendant pay any and all delinquent Surveillance Fees due and owing as of the date of this order . . . .

On its face, the order was clearly a money judgment.

Defendant argues that, because plaintiff's 1976 complaint was an action solely for declaratory relief and not seeking specific money damages, the judgment on that complaint was not a money judgment. However, in its first amended complaint, plaintiff alleged that defendant had been billed for surveillance fees for 1974 in the amount of $8,000. In addition, plaintiff sought entry of a judgment declaring that defendant pay plaintiff the surveillance fees owed for 1974. Thus, plaintiff sought not only a judgment declaring defendant responsible for air pollution surveillance fees, but also payment of the 1974 surveillance fees, for which defendant had been billed. Furthermore, the award of interest pursuant to § 6013 would effectuate the legislative purpose of compensating plaintiff for its loss of use of the surveillance fees, the majority of which were due and owing well before the trial court's order.

We are not persuaded by defendant's argument that, because plaintiff billed defendant for and sought in its original action only the surveillance fees for 1974, plaintiff was only entitled to interest on those fees. Section 6013(1) allows interest on the money judgment recovered, not on the amount originally sought.

Second, defendant contends that the trial court had no subject matter jurisdiction over plaintiff's

action for statutory interest. In *Hendrickson v Moghissi,* 158 Mich App 290, 295; 404 NW2d 728 (1987), this Court stated:

> [T]he Michigan Constitution vests the circuit court with broad original jurisdiction over all matters, particularly civil, so long as jurisdiction is not expressly prohibited by law. Const 1963, art 6, § 13. [*DAIIE v Maurizio*], 129 Mich App [166, 172; 341 NW2d 262 (1983)]. Subject matter jurisdiction in particular is defined as the court's ability " 'to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending.' " 129 Mich App 172, citing *Joy v Two-Bit Corp,* 287 Mich 244, 253; 183 NW 45 (1938). Circuit court jurisdiction over a particular subject matter is denied only by constitution or statute. MCL 600.605; MSA 27A.605. In construing such statutes or constitutional provisions, retention of jurisdiction is presumed and any intent to divest the circuit court of jurisdiction must be clearly and unambiguously stated. 129 Mich App 174, citing *Leo v Atlas Industries, Inc,* 370 Mich 400, 402; 121 NW2d 926 (1963), and *Crane v Reeder,* 28 Mich 527, 532-533 (1874).

Defendant does not point to any constitutional or statutory provision denying the circuit court jurisdiction over an action for interest pursuant to § 6013. Defendant merely asserts that there is no cognizable cause of action for the payment of interest. Such a contention, without supporting authority, does not persuade us that the circuit court was without subject matter jurisdiction.

Third, defendant claims that the trial court erred in denying its motion for summary disposition on the ground of res judicata. Defendant argues that plaintiff was barred from litigating the issue of interest, because no payment of interest was ordered in the 1981 judgment.

We have determined that the 1981 judgment was a money judgment. Consequently, the allowance of interest on that judgment was mandatory under § 6013. See *Goins, supra; Alpine Construction Co v Gilliland,* 50 Mich App 568, 577; 213 NW2d 824 (1973). A prevailing party is entitled to the statutory interest on his money judgment even though the order of judgment did not expressly provide for interest. *Alpine, supra.* Therefore, the prior judgment does not act to bar litigating the issue of interest; rather, it is the basis on which plaintiff is entitled to interest under § 6013. The trial court properly denied defendant's summary disposition motion based on its claim of res judicata.

Fourth, defendant argues that the trial court erred in finding that plaintiff had the legal capacity to bring an independent action for the interest on the judgment, because the collection of interest is not an authorized activity under either MCL 14.131 *et seq.*; MSA 3.231 *et seq.,* or MCL 205.1 *et seq.*; MSA 7.657(1) *et seq.* MCL 14.131; MSA 3.231 provides that a collection department under the attorney general's supervision and control shall be created "for the purpose of collecting all past due monies and accounts which are owing to the State of Michigan or any department, commission or institution thereof." The collection department is authorized to enforce payment and collection of past due money owing to the state and to bring suit to do so. MCL 14.133, 14.134; MSA 3.233, 3.234. MCL 205.13; MSA 7.657(13) provides in relevant part:

> The department [of revenue] shall administer and enforce the following laws as amended and shall succeed to and is hereby vested with all of the powers, duties, functions, responsibilities and jurisdiction now or hereafter conferred upon:

* * *

(h) The department shall succeed to and is hereby vested with all powers, duties, functions, responsibilities and jurisdiction of the attorney general over the collection of all past due moneys and accounts which are owing to the state of Michigan or any department, commission or institution thereof, heretofore vested in the attorney general by Act No. 375 of the Public Acts of 1927, being sections 14.131 to 14.134, inclusive, of the Compiled Laws of 1948.

By those statutes, plaintiff was empowered to bring suit to collect "past due monies," which would reasonably include the statutory interest at issue. Defendant's claim that the statutes discussed above do not expressly provide for the collection of "interest" is of no merit.

Fifth, defendant contends that plaintiff's claim for interest is barred by the statute of limitations and, although defendant refers to MCL 600.5801 *et seq.*; MSA 27A.5801 *et seq.*, it does not specify the statute of limitations which applies here. An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claim. *Sargent v Browning-Ferris Industries,* 167 Mich App 29, 32-33; 421 NW2d 563 (1988). Although defendant suggests that the period of limitation was six years, MCL 600.5809(3); MSA 27A.5809(3) provides that the period of limitations is ten years "for actions founded upon judgments or decrees rendered in a court of record of this state . . . ." Plaintiff's 1987 action for interest was based on the 1981 judgment, and the claim for interest under § 6013 did not accrue until the judgment was rendered. Thus, plaintiff's action for interest was within the applicable statute of limitations.

Defendant points out that plaintiff did not seek

surveillance fees for any year other than 1974, and argues that, as a result, any claim for interest on the unpaid surveillance fees for 1975 through the date of the judgment is barred by the statute of limitations. The judgment, however, ordered payment of all delinquent surveillance fees due and owing as of August 28, 1981, the date of Judge Duggan's order. A challenge to that part of the order requiring payment of surveillance fees owed for the years subsequent to 1974 would properly be made by appeal from the 1981 judgment, and defendant's appeal does not appear to have included that issue. See *Michigan v Detroit, supra.* Plaintiff's claim for interest under § 6013 accrued at the time the judgment was issued, not when the surveillance fee was due. Therefore, the statute of limitations began to run on August 28, 1981, the date of Judge Duggan's order.

Finally, defendant contends that the trial court erred in not specifying in its order the amount of interest owed to plaintiff and in ordering the payment of interest at the statutory rate set forth in § 6013(2). Although plaintiff argues that MCR 2.517(A)(1) required the court to specify the amount of interest owed, MCR 2.517(A)(4) provides that findings of fact are unnecessary in decisions on motions. Here, the trial court's order provided in relevant part:

> IT IS FURTHER ORDERED AND ADJUDGED that Defendant pay Plaintiff interest on the aforementioned judgment at the statutory rate as set forth in MCL 600.6013(2); MSA 27A.6013(2).

Section 6013(2) provides:

> For complaints filed before June 1, 1980, in an action involving other than a written instrument

having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980, at the rate of 6% per year and on and after June 1, 1980, to the date of satisfaction of the judgment at the rate of 12% per year compounded annually.

We are persuaded that the trial court's order was adequate in specifying the method used for computing the interest owed by defendant. Furthermore, the complaint to which § 6013(2) refers can only be plaintiff's amended complaint, filed on March 7, 1977, which alleged that defendant was required to pay, and owed, surveillance fees. Because the amended complaint was filed before June 1, 1980, computation of the interest owed by defendant was proper under § 6013(2).

Affirmed.