**GEN–PA BIGLI ISLEM LIMITED LIABILITY COMPANY, a Turkish Corporation, Plaintiff,**

v.

**VIRTUAL TECHNOLOGY, INC., a Michigan Corporation, Defendant.**

**No. 95–CV–75681–DT.**

United States District Court, E.D. Michigan, Southern Division.

Oct. 11, 1996.

---

**10.** *See, Pagano, supra,* at 693–94.

Mark D. Goldman, W. Bloomfield Hills, MI, Theodore J. Low, Chicago, IL, for Gen-Pa Bigli Islem Limited Liability Company.

Jamal John Hamood, Troy, MI, for Virtual Technology, Inc.

William C. Potter, Detroit, MI, for Marshall Industries.

Kathryn J. Humphrey, Detroit, MI, Timothy L. Thompson, Fresno, CA, for Tobar, Inc.

Marc A. Goldman, Farmington Hills, MI, for Hi–Tech Component Distributors, Inc.

## OPINION

DUGGAN, District Judge.

### INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Entry of Judgment. This Court granted plaintiff's motion for summary judgment, finding that no genuine issue of material fact existed and plaintiff was entitled to judgment as a matter of law. An Order granting the motion for summary judgment and awarding plaintiff $190,070 was entered by this Court on August 2, 1996; however, a judgment, as defined by Rule 58 of the Federal Rules of Civil Procedure, was not entered. Plaintiff now seeks entry of a final judgment by this Court pursuant to Rule 54(b). Plaintiff further requests an award of pre-judgment interest pursuant to M.C.L. § 600.6013. Defendant has opposed plaintiff's motion for entry of final judgment, and has requested, that if the Court does certify the judgment as final, it stay the enforcement of that judgment under Rule 62(h).

### BACKGROUND

Plaintiff, a Turkish corporation, contacted defendant for the purpose of obtaining 450 computer hard disk drives for one of its customers. Plaintiff requested a sample of the desired model of hard disk drive, designating that the sample must meet exact brand name and model specifications. Defendant Virtual Technologies, Inc. ("VTI") responded by sending a different model disk drive than that requested by plaintiff. Defendant asserted that the sample model had been modified to function as the model that plaintiff had requested. (Opinion and Order

Granting Plaintiff's Motion for Summary Judgment, ¶¶ 3–4, at p. 2).

The converted model did not function like the one plaintiff had requested and it did not work properly with plaintiff's customer's system. Defendant was aware that the disk drives were to be integrated into plaintiff's customer's system. Plaintiff notified defendant that the sample disk drive was not acceptable and that any drives actually ordered must be the exact model plaintiff originally requested. (Opinion and Order, ¶ 4, at p. 2).

Plaintiff ordered 450 disk drives and paid $265,500 in advance of delivery. Defendant was to ship the drives in two shipments. The first shipment of 213 drives contained only 73 of the specifically requested model of disk drive, the balance being the converted model like that sent as the sample. Plaintiff promptly rejected this shipment. (Opinion and Order, ¶ 6, at p. 3).

After notification of the rejection, defendant sent an engineer to demonstrate that the converted drives would function properly as the model requested. Defendant's engineer determined, however, that the converted drives did not function properly in the plaintiff's customer's system. After the engineer's visit, plaintiff reiterated its rejection of the disk drives. Defendant failed to cure despite an opportunity to do so. (Opinion and Order, ¶ 7–8, at p. 3).

Plaintiff thus brought this action for breach of contract against defendant VTI, who, in turn, sued its supplier, third-party defendant Marshall Industries ("Marshall"). Marshall subsequently added its supplier, third-party defendant Tobar, Inc. ("Tobar"). Tobar added its supplier, third-party defendant Hi–Tech Component Distributors, Inc. ("Hi–Tech").

With regard to the plaintiff and defendant VTI, this Court determined that there was no genuine issue as to any material fact and that the converted disk drives failed to conform to the terms of the contract. The Court further found that the plaintiff's rejection of the nonconforming goods was timely and the defendant did not exercise its right to cure. An Order granting plaintiff's motion

for summary judgment in the amount of $190,070 was entered. (Opinion and Order, at pp. 6–7).

## DISCUSSION

Plaintiff correctly points out that although the Order granting summary judgment entered by this court represents a conclusive decision regarding its claim, it does not constitute a final judgment under Rule 54(b) and Rule 58 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 54(b); Fed.R.Civ.P. 58.

Rule 58 of the Federal Rules of Civil Procedure requires a judgment to be set forth on a separate document in order to be an effective judgment. Fed.R.Civ.P. 58. In addition, in a suit involving multiple claims or multiple parties, Rule 54(b) requires that a judgment pertaining to at least one but fewer than all claims or parties be certified as final before it may be enforced or appealed. Fed. R.Civ.P. 54(b); See Fed.R.Civ.P. 58.

### Certification under Rule 54(b)

The court may direct the entry of a final judgment as to one or more but fewer than all parties … upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). Final certification requires both a direct entry of final judgment as to one or more but not all parties and an independent finding that there exists no just reason to delay enforcement or appellate review. *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir.1994).

To satisfy the first of Rule 54(b)'s certification requirements for a multi-party action, the district court must completely dispose of the claims of at least one party. *Id.* at 1026–1027; 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2656 (1983). This Court's August 2, 1996 Order granting plaintiff's motion for summary judgment finally disposes of the plaintiff's entire claim. For this plaintiff, the litigation has been resolved on its merits and is complete save for execution of a judgment. Because the Order

granting summary judgment fully resolves the only claim involving the plaintiff, the Court is satisfied that its adjudication meets the first threshold requirement for certification as a final judgment pursuant to Rule 54(b).

■ The second requisite inquiry the court must undertake in ascertaining the appropriateness of a Rule 54(b) certification is to determine whether there exists any just reason to delay final judgment. *Id.,* at 55. This finding is subject to reversal if the district court fails to adequately explain the basis for that finding. *General Acquisition,* at 1030. The Sixth Circuit has articulated a "nonexhaustive list of factors," for the district courts to consider when determining whether there is any reason to delay entry of final judgment. *Id.,* at 1030. The factors to be considered are as follows:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*General Acquisition, Inc.,* at 1030 (citing *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,* 807 F.2d 1279, 1283 (6th Cir.1986) and *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 61 (6th Cir.1986)); See *Seal–Flex, Inc. v. Athletic Track and Court Const.,* 870 F.Supp. 753, 763 (E.D.Mich.1994).

### Relationship Between Adjudicated and Unadjudicated Claims

Defendant asserts in its brief that "the central issues with respect to the adjudicated and unadjudicated claims are identical." All claims involving the original plaintiff, the moving party, have been resolved. Even if the pending claims remaining were identical to the one fully resolved for the plaintiff, the order resolving plaintiff's claim would be suitable for certification. See *National Metalcrafters v. McNeil,* 784 F.2d 817, 821 (7th Cir.1986). Regardless, this Court disagrees with defendant's unsupported contention that the claims remaining before this court are identical to that which has been adjudicated.

Although all the claims concern the ordered disk drives, the remaining claims arise out of transactions and contracts separate from the one between plaintiff and defendant VTI. Further, the pending third-party claims for breach of contract involve damages available for breach when a buyer has accepted nonconforming goods; whereas plaintiff's claim was resolved under the U.C.C. provisions for buyers who have properly refused to keep nonconforming goods. See U.C.C. §§ 2–714, 2–601, 2–508 (M.C.L. §§ 440.2714, 440.2601, 440.2508). These pending claims therefore have different elements of liability and different damages available than the claim brought by the plaintiff. See James J. White and Robert S. Summers, *Uniform Commercial Code,* §§ 6–1, 8–1, 10–1, 10–3, 10–4 (2nd ed. 1980). Finally, the third-party claims also contain allegations of fraud. This Court finds that the relationship between the adjudicated and unadjudicated claims is sufficiently distinct and independent so as to weigh in favor of certifying judgment as final.

### Possibility of Future Mootness

This Court also disagrees with defendant's assertion that a finding in defendant VTI's favor with respect to the third-party claims would necessarily moot an appellate review of the judgment against it. Unlike the scenario presented in *General Acquisition,* in which the judgment certified as final by the district court resolved only the issue of damages and left the question of liability to be determined at trial, a verdict in favor of the defendant VTI here would not completely moot an appellate review. Even if the defendant were successful in its suit against third-party defendant Marshall, appealable issues relating to its liability to plaintiff would likely remain. For instance, Marshall may be found liable for breach of warranty but defendant VTI's failure to mitigate could limit

its damages. In this scenario, defendant VTI would maintain an interest in appealing plaintiff's judgment against it as that judgment would be larger than the one it could collect from Marshall.

As a practical matter, a third-party judgment in favor of defendant VTI would also fail to moot an appellate review of this judgment if Marshall is uncollectible. Further, Marshall could successfully appeal a judgment against it, thereby foisting liability back onto defendant VTI.

Because appellate review of this matter would be completely moot only if:

(1) there was a subsequent judgment against

(2) a fully collectible third-party defendant

(3) that was equal to or greater than the judgment awarded the plaintiff, and

(4) was not subsequently reversed on appeal,

this Court finds that this factor weighs in favor of certifying the judgment as final.

### Possibility of Repetitive Review of Same Issue

There is no possibility that the reviewing court will be called upon to revisit the same issues in more than one appeal because, as discussed above, the third-party claims are for breach of warranty and fraud arising from contracts other than the one at issue here. Thus if any of the subsequent third-party claims went before the appellate court, that court's review would involve analysis, facts and damages different from that which it would encounter in reviewing this judgment.

### Remaining Factors

The remaining factors also weigh in favor of certifying the order granting summary judgment for the plaintiff as a final judgment. There is no claim or counterclaim which could result in set-off against plaintiff's judgment.

In addition, delay and economic considerations strongly endorse certification of the plaintiff's judgment as final. If plaintiff's judgment is not certified as final now, it must wait at least until the resolution of defendant VTI's claim against defendant Marshall before it will again seek certification. If the factors for certification have not been met at this stage of the proceedings, it is likely that they will not be met until all of the parties' claims have been resolved. Plaintiff conceivably could have to wait for the resolution of the claims regarding all parties before it could collect its judgment. As a result, plaintiff, a foreign corporation, would be deprived of a large sum of money owed to it due to an ongoing U.S. lawsuit to which it is no longer a party.

This Court, after weighing the above factors, is satisfied that all claims involving the plaintiff have been conclusively resolved and that there is no just reason to delay entry of a final judgment in this matter.

### Stay of Execution, Rule 62(h)

Defendant requests in its response to the motion for entry of judgment that, if the Court decided to certify as final a judgment on its Order granting summary judgment, that it then stay execution of that judgment pursuant to Rule 62(h) of the Federal Rules of Civil Procedure. Plaintiff, in its reply, requests that this Court require defendant to post bond in the event a stay is ordered.

A decision to stay execution is within the discretion of the district court. Fed.R.Civ.P. 62(h).

> The power to stay execution should be exercised with caution and never unless the case is plain and the equity of the party seeking it free from doubt or difficulty.

*In re Baldwin–United Corporation*, 52 B.R. 142, 145 (Bankr.S.D.Ohio 1985) (quoting *Robbins Flooring, Inc. v. Federal Floors, Inc.*, 445 F.Supp. 4, 13 (E.D.Pa.1977)).

■ This Court finds that the very same equities which weighed in favor of certifying judgment under Rule 54(b) weigh against granting the defendant a stay of execution for that judgment under Rule 62(h). See *Baldwin–United*, at 145. First, this case does not involve a possible set-off which is often cited by courts as a reason to stay execution under Rule 62(h). See *Wine Im-*

*ports of America, Ltd. v. Gerolmo's Liquors, Ltd.*, 563 F.Supp. 163, 168 (E.D.Wisc.1983); See *Robbins Flooring*, at 13. Second, a stay of execution until the entry of a subsequent judgment or judgments could deprive plaintiff of the sum owed to it indefinitely. For these reasons, this Court is persuaded that an issuance of a stay of execution pursuant to Rule 62(h) would be inappropriate in this matter.

### Pre–Judgment Interest

Finally, included in plaintiff's motion requesting entry of judgment is a request for pre-judgment interest pursuant to M.C.L. § 600.6013, which allows a prevailing party interest on a money judgment recovered from a civil action from the date the complaint was filed. M.C.L. § 600.6013. The defendant does not address plaintiff's request for pre-judgment interest in its brief.

■ Under Michigan law, a prevailing party is entitled to statutory, pre-judgment interest even if an order or judgment does not expressly provide for it. *Dept. of Treasury v. Central Wayne County Sanitation Auth.*, 186 Mich.App. 58, 64, 463 N.W.2d 120, 123 (1990); M.C.L. § 600.6013. Allowance of statutory interest on money judgments is mandatory. *Id.*, at 61, 463 N.W.2d 120.

Because defendant has not disputed plaintiff's calculations regarding pre-judgment interest, this Court accepts those calculations and the resulting sums as the amount plaintiff is entitled to collect. (Plaintiff's Motion for Entry of Judgment, ¶ 5, p. 2); M.C.L. § 600.6013(6). As of August 2, 1996, plaintiff was entitled to an additional $9,770.65 in pre-judgment interest. Interest will continue to accrue at the rate of $38.96 per diem until the date the judgment is entered.

A judgment consistent with this opinion shall issue forthwith.