Eleanor GARGIN, as Personal Representative of the Estate of James Gargin, Deceased, Plaintiff,

v.

Joseph Ross MORRELL, D.P., and Livingston Medical Center, P.C., Jointly and Severally, Defendants.

Civ. A. No. 90–CV–40293–FL.

United States District Court,
E.D. Michigan,
S.D. Flint.

Jan. 10, 1991.

Norman Tucker, Ann Schoepfle, Southfield, Mich., for plaintiff.

Cathy R. Bowerman, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

In a review of the pleadings prior to a scheduled (and later adjourned) case management conference, I examined the Affirmative Defenses to plaintiff's rather standard medical practice Complaint. While reviewing the affirmative defenses, it appeared to me as though 8 of the 13 asserted affirmative defenses violated Rule 11 of the Federal Rules of Civil Procedure. Therefore, on December 7, 1990, defendants' counsel, the signatory to the affirmative defenses, was directed to show cause in writing on or before December 20, 1990, why she should not be sanctioned for the Rule 11 violation. The response of defendant's counsel was to contain facts which counsel had in her possession as of November 30, 1990, the date the answer was signed, which supported or established the affirmative defenses mentioned.

■ Defendants' counsel has timely filed her response to the Court's Order to Show Cause. An examination of that response indicates that the response is deficient in that it withdraws Affirmative Defenses # 2 (the statute of limitations defense), # 6 (a bar to the action by virtue of the medical malpractice arbitration agreement), # 8

(not an affirmative defense at all), #11 (failure to state a claim and lack of authority to bring the lawsuit), and #12 (plaintiff's claim for recovery for a noneconomic loss in excess of $228,128 is barred by Michigan Statute, M.C.L.A. § 600.1483), but does not set forth facts known to her at the time of the filing which would support each of those defenses. The Court concludes that there was no factual support at the time those affirmative defenses were filed and thus counsel has violated Rule 11.

As to Affirmative #3 (contributory or comparative negligence on the part of plaintiff's decedent), plaintiff frankly acknowledges that she had no evidence to support the claim, but hoped to find some on discovery. Thus, counsel has acknowledged a violation of Rule 11.

■ As to Affirmative Defense #7 (Statute of Frauds), counsel says "she has a legitimate concern that this defense might be applicable to certain allegations in this case." Having a "legitimate concern" does not protect from a Rule 11 violation. There must be facts within counsel's knowledge to support an allegation as well as law. A "concern" does not meet the test.

In addition, counsel has explained her concern by referring to *Malik v. William Beaumont Hospital,* 168 Mich.App. 159, 423 N.W.2d 920 (1988) and *Gilmore v. O'Sullivan,* 106 Mich.App. 35, 307 N.W.2d 695 (1981). While the rulings in these cases may indeed justify counsel's "concern," such "concern," as stated, is not Rule 11 compliance. Paragraphs 12(a) and 12(m) of the Complaint clearly do not allege a breach of contract claim by the plaintiff. At best, they allege a consensual relationship between a physician and a patient which is a predicate to a medical malpractice claim such as this. The entire complaint makes it absolutely clear that the action is one of pure medical malpractice.

It should also be noted that in counsel's response, she makes no statement as to what facts she knew at the time of filing the answer as to whether there even was a written contract in existence.

Affirmative Defense #9 (everything done by defendants was with the full and proper consent of plaintiff), is sought to be defended in the same manner as the Statute of Frauds affirmative defense. This is not a defense to a medical malpractice case such as this, where the plaintiff alleges the medical services provided did not measure up to the standards defendants were required to meet. It is another Rule 11 violation. Certainly, defendant is not claiming the plaintiff's decedent consented to malpractice.

■ And finally, counsel says that she asserted some of those affirmative defenses for fear that if they are not asserted in the first responsive pleadings, they would be waived. She cites *Campbell v. St. John Hospital,* 434 Mich. 608, 455 N.W.2d 695 (1990) as justification for this fear. Even though counsel relies on a Michigan Supreme Court decision interpreting Michigan court rules rather than a federal case governed by the Federal Rules of Civil Procedure as the instant case is, counsel sought to use the Michigan case as justification for her fear claiming that Michigan courts frequently look to federal decisions in construing Michigan rules. This explanation is rejected as totally inappropriate, since that logic does not apply in the reverse situation—where the federal court looked to state decisions to interpret federal rules.

Finally, it must be pointed out that Michigan Court Rule 2.111(F) requires the defenses to be in the first responsive pleading or be deemed waived. The language of that Rule is:

> (2) ... A defense not asserted in a responsive pleading is waived.... (3) Affirmative defenses must be stated in a party's Responsive Pleading.

The federal Rule governing this matter is Rule 12(h) and bears no resemblance to the Michigan Rule. Rule 12(h)(1) entitled "Waiver or Preservation of Certain Defenses," provides as follows:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g) [not applicable here], or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted under Rule 15(a) to be made as a matter of course.

Thus, according to the clear words of the Rule, no waiver of such affirmative defenses as counsel has asserted is applicable in federal court. The liberal amendment policy of the Federal Rules is such as to permit an amendment IF DISCOVERY REVEALS *FACTS* WHICH WOULD SUPPORT SUCH DEFENSES.

Thus, counsel's attempt to justify patent Rule 11 violations may itself violate Rule 11.

Since Rule 11 is designed to enforce an attorney's obligations not to assert claims or defenses which are not *then* and *there* reasonably supported in fact and law, sanctions are appropriate. They are not necessarily measured by attorney's fees incurred by the opponent. Accordingly, counsel is sanctioned and is ordered to pay $25 for each of 8 violations for a total of $200. This amount must be paid to the Clerk of the Court on or before January 22, 1991.

SO ORDERED.