*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CYNTHIA MARIE JONES,

        Plaintiff-Appellee/Cross-Appellee,

v

TALAL KAMRAN, also known as TALAL
KAMRAN BUTT,

        Defendant-Appellant,

and

STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY,

        Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
August 17, 2023

No. 361532
Wayne Circuit Court
LC No. 20-005195-NI

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

        Defendant, Talal Kamran Butt, appeals by leave granted the trial court's order denying his motion for summary disposition under MCR 2.116(C)(10) of plaintiff's claim for damages under Michigan's no-fault act, MCL 500.3101 *et seq*., on the basis that plaintiff failed to meet her burden of producing substantively admissible evidence that defendant or his vehicle was involved in the automobile accident for which plaintiff is seeking damages. On cross-appeal, defendant, State Auto Property and Casualty Insurance Company (State Auto), challenges the trial court's order denying its motion for partial summary disposition under MCR 2.116(C)(10) on the basis that the plain language of the policy requires that judgments or settlements against an uninsured or underinsured motorist be exhausted before plaintiff can claim uninsured or underinsured motorist benefits. We reverse the trial court's denial of defendant Butt's motion for summary disposition, dismiss defendant State Auto's appeal as moot, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff is the victim of a hit-and-run accident which occurred on August 19, 2019, at 4:06 p.m. in Inkster, Michigan. Plaintiff was driving eastbound on Michigan Avenue when her vehicle was sideswiped by a "large white vehicle" attempting to change lanes from the right. The collision pushed her vehicle into the median and caused her to strike a street sign. The other vehicle sped away from the scene. Plaintiff alleges the accident caused her to suffer disabling injuries.

Officer Mathew Wilson of the Inkster Police Department investigated the crash site and completed a UD-10 State of Michigan Traffic Crash Report (UD-10 report). The UD-10 report describes the vehicle that hit plaintiff's car as, "Passenger Car, SUV, Van" but the fields for the make, model, and color of the vehicle are blank. The report lists the license-plate number of the offending vehicle as 513D68. The report contains no information about the driver or passengers of the offending vehicle, but provides the address of the owner as 8150 West Fort, Detroit, Michigan. In the narrative section, the UD-10 report states: "A witness entered the [Inkster Police Department] lobby to report the plate for [the offending vehicle] who had witnessed the crash."

At his deposition, Officer Wilson testified that the anonymous witness had given the plate number to the front desk officer and then walked out. The front desk officer then gave the plate number to Wilson. When asked if he knew where he got the address listed as the owner address, Wilson stated: "That would have probably been from running the plates. That would be whatever the plate is tied to." He explained by running the plates he meant performing a search on the Law Enforcement Information Network (LEIN).

At her deposition, plaintiff testified that the truck that hit her was a white pickup truck. After plaintiff struck the street sign, she stopped and saw the truck in the left lane "but too far away." Plaintiff was able to observe that there was only one person in the vehicle and "[f]rom the back it looked like the shape of a man." Plaintiff testified that she later found out that a man named "Shirley" owned the vehicle that hit her. And when asked if she ever found Shirley's address, Plaintiff testified that she had not.

Defendant Butt owns a tire business located at 8150 West Fort Street in Detroit (the address stated in the UD-10 report for the vehicle with license plate 513D68). Defendant possessed a leased white 2018 Dodge Ram 1500 truck at the time of the accident. However, the license plate on defendant's truck was DWW0668 and it was registered under defendant's home address in Shelby Township. The truck was insured with AAA by a policy in the name of defendant's mother, Farah Butt, whom defendant lived with in Shelby Township.

Defendant gave a corroborated alibi for the time of the accident. Defendant testified that he attended his cousin's wedding reception in Chicago the day before the accident and drove home in his truck with his family the next day, arriving in Shelby Township about 7:00 or 8:00 p.m. Defendant produced photographs showing him at the wedding the day before the accident and his family members confirmed they attended the wedding and stayed in a hotel in Lombard, Illinois with the defendant. The family had a late checkout on the day of the accident, and "probably left [the hotel] around close to one o'clock [in the afternoon, CST]." They attended late breakfast at a restaurant in Villa Park, Illinois after checking out and were there until at least 1:38 p.m. Defendant produced photographs of food from this restaurant posted to a family member's

Snapchat account, with location and time stamps of Villa Park, Illinois, on August 19, 2019, at 1:24 and 1:38 p.m. CST, and an additional photograph timestamped August 19, 2019, 1:10 p.m., which shows defendant in what appears to be the restaurant. Family members testified that they arrived home in Shelby Township between 6:00 and 8:00 p.m., but could not confirm the route driven. All of defendant's family members who were in the truck denied being in an accident.

At the time of the accident, plaintiff's vehicle was insured by State Auto. As part of her policy, plaintiff had uninsured motorist (UM) and underinsured motorist (UIM) bodily injury coverage. Under the UM/UIM policy, State Auto is obligated to "pay compensatory damage which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury [s]ustained by an insured; and [c]aused by an accident." The policy defines an "underinsured motor vehicle" as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." The policy also states that State Auto will only pay this coverage if (1) the policy limits applicable to the underinsured vehicle have been exhausted by payment of judgments or settlements, or (2) a tentative settlement has been made between the insured and the insurer of the underinsured vehicle with prompt written notice to State Auto and payment to the insured is made within 30 days after receipt of notification.

Plaintiff filed an action against defendant State Auto for personal protection insurance (PIP) and UM/UIM benefits. The PIP claim was dismissed through mutual acceptance of the case evaluation award. Plaintiff also filed an automobile negligence action against defendant Butt alleging he was the driver of the white truck that caused the accident. State Auto moved for summary disposition of plaintiff's UIM claim under MCR 2.116(C)(10), asserting that under the unambiguous language of the insurance policy, plaintiff is not entitled to UIM benefits until there is a resolution of her claim against co-defendant Butt and she exhausts coverage from all policies that applied at the time of the accident including Butt's insurance policy.

Defendant Butt also filed a motion for summary disposition under MCR 2.116(C)(10) asserting that there was no evidence he or his vehicle were involved in the accident. Specifically, defendant argued the UD-10 report and anonymous witness statement were inadmissible hearsay, and the UD-10 was statutorily inadmissible. Even if this evidence was considered, defendant argued there was no genuine issue of material fact that he or his vehicle were in the accident.

Plaintiff responded to Butt's motion, arguing that the evidence created a genuine issue of fact as to whether defendant's truck was involved in the hit-and-run accident. Plaintiff also responded to State Auto's motion, arguing the plain language of the policy did not preclude her from filing a lawsuit before the tortfeasor tendered policy limits, it only provided that State Auto was not required to pay UIM benefits until the exhaustion of this other coverage. Plaintiff also argued that State Auto waived its "condition precedent" argument because it did not state it as an affirmative defense in its response to the complaint. Further, plaintiff argued because she had a PIP claim against State Auto, compulsory joinder required her to include the UM/UIM claims against State Auto in her complaint.

The trial court denied Butt's motion finding that a genuine issue of material fact existed whether defendant's vehicle was involved in the collision. On the same date, the trial court also denied State Auto's motion for summary disposition of the UIM claim, indicating: "Plaintiff is not

prohibited from asserting [the] UIM claim under the policy language and such a claim promotes judicial economy, conserves party resources and is compelled under the court rules."

Defendant Butt now appeals on leave granted, *Jones v Kamran*, unpublished order of the Court of Appeals, entered October 5, 2022 (Docket No. 361532), and State Auto cross-appeals.

## II. ANALYSIS

## A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Meemic Inc Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020).

Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). The moving party has the initial burden to "specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4); see also *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 6-7; 890 NW2d 344 (2016). The moving party satisfies their initial burden by either: (1) presenting affirmative evidence negating an essential element of the nonmoving party's claim, or (2) demonstrating that the evidence is not sufficient to establish an essential element of the nonmoving party's claim. *Lowrey*, 500 Mich at 7. If the moving party satisfies their initial burden, the burden then shifts to the opposing party to establish that a genuine issue of fact exists and they cannot do this by relying on mere allegations or denials in their pleadings, *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996), but must submit "substantively admissible evidence" to support their position, *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of a complaint. *Maiden*, 461 Mich at 120. The trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition. *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). Importantly, appellate review is limited to the evidence presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

"The interpretation of a contract is a question of law reviewed de novo on appeal." *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019) (quotation marks and citation omitted). Also, the interpretation of court rules is reviewed de novo and under the same principles that govern the construction of statutes. *Dawley v Hall*, 501 Mich 166, 169; 905 NW2d 863 (2018). As such, the court rules are "interpreted according to [their] plain language, giving each word and phrase its common, ordinary meaning." *Id*. (quotation marks and citation omitted).

## B. ADMISSIBILITY OF TRAFFIC REPORT

Defendant Butt contends that the UD-10 traffic report is inadmissible under MCL 257.624 such that the trial court should not have considered it when ruling on his motion for summary disposition. When supporting or opposing a motion for summary disposition, the "content or substance of the evidence proffered must be admissible in evidence." *Maiden*, 461 Mich at 119. The evidence does not, however, have to be in admissible form for its content or substance to be admissible. See *Barnard Mfg Co Inc v Gates Performance Engineering Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). A party does not, for example, have to lay a foundation for the admission of the evidence before the trial court may consider the evidence; rather, the trial court must consider the evidence so long as there is a plausible basis for the admission of the evidence. *Id.*, citing *Maiden*, 461 Mich at 125 n 8, and MCR 2.116(G)(6).

MCL 257.624(1) states: "A report required by [the Michigan Vehicle Code] shall not be available for use in a court action, but a report shall be for the purpose of furnishing statistical information regarding the number and cause of accidents." MCL 257.624(1). A UD-10 report form cites its authority as MCL 257.622 of the Michigan Vehicle Code, which provides that drivers must report accidents that injure or kill any person or that cause $1,000 worth of damage to property. Further, MCL 257.622 requires that the relevant forms be completed "in full by the investigating officer" such that crash information can be compiled for public use.

Our Supreme Court has clarified the applicability of the statute's proscription against use of a report required by the Michigan Vehicle Code in a court action, by stating MCL 257.622 and MCL 257.624

> deal with reports by local police to the Director of State Police . . . . These particular reports, commonly referred to as "red-line" reports, are made on forms supplied to the local police agencies by the state police, and include the investigating officer's opinion regarding the causes of the accident. The information is used for statistical purposes. The statute prohibits use of these reports in evidence. This statutory proscription, however, is confined to the reports mandated by the statute, and has no effect on the rules of evidence regarding the police officer's personal notes or the routine report, usually entitled "Motor Vehicle Accident Report," that the officer takes at the scene of the accident. [*Moncrief v Detroit*, 398 Mich 181, 191; 247 NW2d 783 (1976).]

The rules of evidence define hearsay as a statement that the declarant does not make while testifying at the current trial or hearing offered to prove the truth of the matter asserted in the statement. MRE 801(c). Hearsay is inadmissible unless it falls under an exception provided in the rules. MRE 802. Furthermore, the rules of evidence forbid hearsay within hearsay unless each part of the combined statements falls under an exception. MRE 805. When a witness statement "does not fall within any of the enumerated hearsay exceptions, the police report is inadmissible and may not be considered in opposing the motion for summary disposition." *Maiden*, 461 Mich at 125. See also *Solomon v Shuell*, 435 Mich 104, 128-129; 457 NW2d 669 (1990); MRE 805.

Defendant Butt contends that the witness's statement providing the license plate number of the hit-and-run vehicle, and the UD-10 report, which contains the address of his business as the vehicle owner's address, are inadmissible. The witness statement does not fall under any hearsay exception such as present sense impression, excited utterance, or business records, and is therefore

inadmissible hearsay. Defendant further argues that not only is the witness statement inadmissible hearsay, the license plate number provided by the witness is irrelevant with regard to the question of his involvement because that license plate number is not associated with any vehicle he owns.

However, evidence does not have to be in admissible form for its content or substance to be admissible, and on a motion for summary disposition a trial court must consider evidence so long as there is a plausible basis for its admission. *Barnard Mfg*, 285 Mich App at 373. Here, it is alleged that the eyewitness wrote down the license plate number of the offending truck on a piece of paper and handed it to the police officer working the front desk. Such note or an internal police report may qualify as a recorded recollection, MRE 803(5), business record, MRE 803(6), or public record, MRE 803(8), as an exception to the hearsay rule. See *Maiden*, 461 Mich at 124-125. This is especially true if the reporting described general activities of the police department or Wilson, as the investigating officer, documenting his firsthand knowledge of how he found the address. *Solomon v Shuell*, 435 Mich 104, 129-130; 457 NW2d 669 (1990).

Nonetheless, Officer Wilson testified that he did not "keep a lot of his notes from Inkster," and indicated it was likely he threw out any paper records after entering the information on the UD-10 form. Officer Wilson does not remember how the Fort Street address came to be on the UD-10 but could describe his general process in how to search for the address of a registered owner: "I would have typed in the plate, it would have came [sic] back to the RO, or registered owner, and then also had the registered owner's address that it's attached to." No evidence was ever produced to explain why the name of the registered owner was not included on the UD-10 form, though Wilson testified this information would have been produced in the LEIN search. Wilson could not explain how defendant's business address ended up as the registered owner's address on the UD-10 when defendant's truck is not registered to that address. Therefore, there is no plausible basis for the admission of the report and its contents. *Barnard Mfg*, 285 Mich App at 373. Because the content of the UD-10 does not fall within a hearsay exception, the report is inadmissible and should not have been considered by the trial court in ruling on defendant's motion for summary disposition. *Maiden*, 461 Mich at 125.

## C. FACTUAL SUPPORT OF NEGLIGENCE CLAIM

To support his motion for summary disposition, defendant presented a corroborated alibi, and plaintiff offered only speculation. As such, plaintiff has not demonstrated that a genuine issue of material fact exists as to whether defendant or his vehicle were involved in the accident.

To establish a prima facie negligence claim, a plaintiff must prove: (1) the defendant owed the plaintiff a duty, (2) the defendant breached the duty, (3) the plaintiff suffered damages, and (4) the defendant's breach proximately caused the plaintiff's damages. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Plaintiff must show the existence of a genuine issue of material fact regarding the involvement of defendant or his vehicle in the accident to establish duty, breach, and causation.

While circumstantial evidence can be sufficient to create a question of fact, mere speculation and conjecture is not. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001). An explanation, which is consistent with known facts but not deducible from them,

amounts to conjecture. *Id*. at 98. Our Supreme Court has further characterized this threshold evidentiary standard by stating:

> [A]t a minimum, a causation theory must have some basis in established fact. However, a basis in only slight evidence is not enough. Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. [*Skinner v Square D Co*, 445 Mich 153, 164-165; 516 NW2d 475 (1994).]

This distinction was applied in *Latham by Perry v Nat'l Car Rental Sys, Inc*, 239 Mich App 330; 608 NW2d 66 (2000), which is instructive. In *Latham*, the plaintiffs were involved in an accident as passengers in a van being driven by a man named D'Angelo whom they had just met that day. *Id*. at 331. The plaintiffs sued Wanda Watkins, the van's lessee, attempting to establish D'Angelo was Wanda's nephew, Joe Watkins, Jr., who admitted to taking the van that night but claimed someone stole it from him. *Id*. at 335. The plaintiffs attempted to get around Joe's alibi by comparing the weight, height, and other physical features of D'Angelo and Joe, claiming they were similar in physical appearance. *Id*. at 336. This Court rejected the plaintiffs' theory stating that "any argument in this regard is purely speculative and insufficient as a matter of law to establish the existence of a genuine issue of fact regarding the unknown driver's identity." *Id*.

Excluding the witness statement and the UD-10 report, which is the only evidence tying defendant's business address to the owner of the offending truck, plaintiff's remaining evidence consists of: (1) plaintiff's deposition testimony she was hit by a large white truck, which she claims was occupied by one person;[1] (2) defendant's admission he owned a white Dodge Ram pickup truck; and (3) defendant's admission his truck was traveling eastbound between Chicago and Shelby Township at the time of the accident. The suggestion that any one of the numerous white pickup trucks traveling eastbound in southern Michigan at the time of the accident was, in fact, defendant's truck, is so far from being more likely than not, or deducible from known facts, as to be highly improbable. Plaintiff's attempt to support her conjecture by stating the obvious—the family may have chosen to travel off the freeway closer to home, and may have driven on a route which included the accident location—does nothing to make that possibility "more likely than not." Plaintiff's theories remain in the realm of impermissible conjecture, which cannot withstand a motion for summary disposition.

Furthermore, there are inconsistencies in plaintiff's testimony. In her deposition, plaintiff testified that, as far as she could tell, one person occupied the truck. If plaintiff's theory is that defendant hit her on his way back from Chicago, then the truck would have been occupied by his four family members as well. Plaintiff also stated in her deposition that she found out a man with the last name of "Shirley" owned the truck. Plaintiff does not elaborate further as to how she found

---

[1] It is of note that there is no other evidence in the lower court file to support the contention the truck was white. The UD-10 report describes the vehicle as "Passenger car, SUV, Van," and the use of the vehicle as "Commercial(business)," which is unexplained. The form field for "color" is left blank, along with the "year," "make," and "model" fields.

that name, how it is associated with the offending truck, or why she is now claiming defendant Butt is the owner of the offending truck.

Defendant carried his burden of providing evidence demonstrating the absence of a question of fact concerning his involvement in the accident. This evidence included corroborating testimony from his mother and sister, time- and location-stamped photographs, and hotel records, all of which are consistent with the contention he left Villa Park, Illinois in his truck after 2:30 p.m. EST, making it impossible for him or his truck to be at the site of the crash in Inkster, Michigan by 4:06 p.m. EST.

Plaintiff does not contradict this evidence. While "[s]ummary disposition is suspect . . . where the credibility of a witness is crucial," *Foreman v Foreman*, 266 Mich App 132, 135; 701 NW2d 167 (2005), the credibility of a witness is not crucial here because: (1) plaintiff has presented conjecture, and no evidence, to refute the statements concerning defendant's whereabouts at the time of the accident, and (2) the testimony is corroborated by objective evidence. This case is not analogous to *White v Taylor Distributing Co Inc*, 275 Mich App 615; 739 NW2d 132 (2007), as plaintiff asserts. In *White*, this Court found that a jury should be allowed to assess the defendant's credibility despite the lack of evidence produced by the plaintiff because his testimony regarded matters "subjective in character and primarily within [his] exclusive knowledge." *White*, 275 Mich App at 630. Not to mention, it was undisputed the defendant in *White* caused the accident and the issue concerned only his affirmative defense. *Id*. at 616-618. Here, plaintiff has failed to respond to defendant's alibi with "substantial evidence from which a jury may conclude that more likely than not," defendant or his vehicle were involved in the accident. *Skinner*, 445 Mich at 164-165. Instead, it is more likely than not that defendant was nowhere near the accident given his corroborated alibi. Therefore, summary disposition is appropriate.

## D. UNDERINSURED MOTORIST CLAIM

State Auto argues that the plain language of the insurance policy precludes plaintiff from suing for UM/UIM benefits before obtaining a judgment against the tortfeasor.

The no-fault act does not require UM/UIM coverage; therefore the terms of the insurance contract control any potential entitlement to UM/UIM benefits. *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358992); slip op at 4; see also *Dawson v Farm Bureau Mut Ins Co of Mich*, 293 Mich App 563, 568; 810 NW2d 106 (2011). "An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy." *Gueye*, ___ Mich App at ___; slip op at 4 (quotation marks and citation omitted).

We construe an insurance policy in the same way as any other contract, giving its terms their ordinary and plain meaning. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367; 817 NW2d 504 (2012). The primary goal in the interpretation of a contract is to honor the intent of the parties. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 473; 663 NW2d 447 (2003); *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 444; 761 NW2d 846 (2008). Further, "[a] court must not hold an insurance company liable for a risk that it did not assume." *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999). An insurance contract

is ambiguous if, after reading the entire contract, its provisions conflict with each other, or a term is equally susceptible to multiple meanings. See *Dancey v Travelers Property Cas Co*, 288 Mich App 1, 8; 792 NW2d 372 (2010). If an insurance contract's language is clear, its construction is a question of law for the court. *Henderson*, 460 Mich at 353.

Reviewing the language of the policy, the only relevant condition on State Auto's obligation to provide UIM coverage to plaintiff is:

We will pay under this coverage only if 1. or 2. below applies:

1. The limits of liability under any bodily injury liability bonds or policies applicable to the underinsured motor vehicle have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between the insured and the insurer of the underinsured motor vehicle and we:

a. Have been given prompt written notice of such tentative settlement; and

b. Advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification.

In denying summary disposition for State Auto, the trial court found that "[p]laintiff is not prohibited from asserting UIM claim under the policy language and such a claim promotes judicial economy, conserves party resources and is compelled under the court rules."

Plaintiff argues that State Auto has waived the argument that plaintiff is noncompliant with a condition precedent to the policy because it was not asserted as an affirmative defense. This argument does not have merit. While "[t]he failure to raise an affirmative defense as required by the court rule constitutes a waiver of that affirmative defense," *Dell v Citizens Ins Co of America*, 312 Mich App 734, 753; 880 NW2d 280 (2015) (quotation marks and citations omitted); MCR 2.111(F)(3), State Auto's argument is not an affirmative defense. An affirmative defense "seeks to foreclose the plaintiff from continuing a civil action for reasons unrelated to the plaintiff's prima facie case." *Campbell v St John Hospital*, 434 Mich 608, 616; 455 NW2d 695 (1990). Thus, if a defense addresses the merits of a plaintiff's claim—i.e., when an insurer argues coverage simply is not triggered under its policy terms—it is not an affirmative defense. *Id*. at 615-616. State Auto's position denies the existence of a prima facie claim and such a position is "not subject to the rule that the failure to plead affirmative defenses . . . constitutes a waiver . . . ," *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 315-316; 503 NW2d 758 (1993).

Before analyzing State Auto's "condition precedent" argument on the merits, we first address the issue of mootness. Mootness occurs when an event renders it impossible for the court to grant relief or when a judgment cannot have a practical legal effect on the existing controversy. *Adams v Parole Board*, 340 Mich App 251, 259; 985 NW2d 881 (2022). Now that we have reversed the trial court's order denying defendant Butt's motion for summary disposition, the issue of defendant Butt's potential tort liability is moot, as is the issue of whether plaintiff may bring a claim for UM benefits against defendant State Auto. Without an identifiable tortfeasor, plaintiff's

claim for UM benefits has actualized and no judgment on this issue would have a practical legal effect. Therefore, the issue is moot.

## IV. CONCLUSION

The UD-10 report and the witness statement contained within it are inadmissible evidence that should not have been considered when deciding the motion for summary disposition. Considering the remainder of the evidence, defendant Butt presented a corroborated alibi and plaintiff offers only speculation. Thus, plaintiff has not demonstrated a genuine issue of material fact exists whether Butt, or his vehicle, was involved in the accident. We reverse the denial of defendant Butt's motion for summary disposition and remand. We do not retain jurisdiction. We dismiss State Auto's appeal as moot.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado